Anthony ANDERSON, Plaintiff,

v.

CITY OF CHICAGO, et al., Defendants.

No. 92 C 5730.

United States District Court,
N.D. Illinois.

Sept. 11, 1992.

Opinion on Motion for Reconsideration,
Oct. 13, 1992.

---

**1328**

Anthony Anderson, pro se.

**1.** This opinion necessarily credits Anderson's version of the events as set out in his Complaint. No findings are made or implied, of course, by

No appearance for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Anthony Anderson ("Anderson"), currently confined in the Menard Correctional Center, has tendered a self-prepared Complaint under 42 U.S.C. § 1983 ("Section 1983") against the City of Chicago, its former Police Superintendent Leroy Martin, several Chicago Police Officers and four private citizens: "Dr. Hill," from Oak Park, Illinois; "John Doe," an unknown tow truck driver; and Patricia Taylor and Clarice Evans, the complaining witnesses against him in his criminal trial. In a nutshell Anderson claims "that City of Chicago police officers conspired together ... with private parties ... to have him falsely imprisoned."

### Anderson's Allegations [1]

Anderson was arrested on March 19, 1989 by three police officer defendants who burst into his home without a warrant. While transporting Anderson to the police station, the police officers stopped the car by the side of the road so that Anderson could be identified by the two complaining witnesses.

Then the officers drove Anderson to a restaurant on 45th and Halsted Street for questioning. While he was being questioned, other officers met with the unknown tow truck driver and instructed the driver to wipe clean an allegedly stolen car, thus removing any evidence that would vindicate Anderson of the crime of car theft.

Next the arresting officers took Anderson to the police station, locked him in a small room and interrogated him, despite the fact that he had requested counsel. During the interrogation the officers told Anderson that they had received test results from Dr. Hill that showed that Anderson had sexually assaulted the alleged victim.

that assumption—it is simply required for current purposes as a procedural matter.

Anderson was later identified in a lineup, and he was ultimately charged with and convicted of aggravated criminal sexual assault, robbery and possession of a stolen motor vehicle. He was sentenced to 30 years in prison. On June 30, 1992 the Illinois Appellate Court affirmed the convictions.

All the defendants knew that Anderson was innocent of the charges against him. Moreover, all defendants knew that Clarice Evans implicated Anderson in the alleged crimes only because of a long-running feud between their two families. Anderson seeks declaratory relief, compensatory and punitive damages, and "any other such relief that this honorable court deems just, proper, and equitable," including criminal indictments against the defendants.

### Operative Standards

■ Any litigant who seeks leave to proceed without paying a filing fee must satisfy two requirements:

1. his or her financial inability to pay the filing fee plus

2. the existence of one or more claims that is or are non-"frivolous" in the legal sense defined by *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) and more recently reconfirmed and refined in *Denton v. Hernandez,* —— U.S. ——, —— - ——, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992).

As for the first of those, Anderson has not provided the required application form with the necessary financial showing.[2] But even assuming that he could satisfy the showing of indigency, he still fails on his present assertions.

### Statute of Limitations

■ Of the several substantive problems that confront Anderson, perhaps the most obvious is that of timeliness. *Farrell v. McDonough,* 966 F.2d 279 (7th Cir.1992) has once again reconfirmed that Section 1983 cases arising in Illinois are subject to

the two-year limitations period contained in Ill.Rev.Stat. ch. 110, ¶ 13–202.

Here Anderson was arrested on March 19, 1989. *McCune v. City of Grand Rapids,* 842 F.2d 903 (6th Cir.1988), citing *Sandutch v. Muroski,* 684 F.2d 252, 254 (3d Cir.1982) and *Singleton v. City of New York,* 632 F.2d 185, 191 & n. 5 (2d Cir. 1980), has dealt with the time of accrual of a Section 1983 claim of a Fourth Amendment violation[3]—an unlawful seizure— akin to a state-law claim of false arrest. *McCune,* 842 F.2d at 906 held that when an allegedly false arrest is the sole cause of the constitutional harm suffered by plaintiff (that is, a single harm that caused a continuing injury such as imprisonment), the claim accrues on the date of the arrest.

In the absence of any Seventh Circuit decision on the subject, this Court accepts the persuasive common sense view of *McCune* and the other cases on which it relies. Because Anderson's Fourth Amendment claim accrued on March 19, 1989, that claim will be time barred unless he can take advantage of any tolling provision under the Illinois statutes of limitations. As for his other potential claims, Anderson has not identified specific dates—but all of them clearly appear to be of the same vintage.

■ For a long time Illinois had a blanket tolling provision applicable to the filing of any lawsuit brought by a person laboring under the "disability" of being a prisoner (formerly part of Ill.Rev.Stat. ch. 110, ¶ 13–211). But that tolling provision was eliminated on January 1, 1991. *Wilson v. Geisen,* 956 F.2d 738, 742–43 (7th Cir.1992) has held that the proper inquiry when applying such an amendment shortening the statute of limitations is whether plaintiff then had a reasonable amount of time in which to commence his action. Citing this Court's opinion in *Knox v. Lane,* 726

---

2. This Court is transmitting copies of the form to Anderson together with a copy of this opinion, just in case Anderson overcomes the other more difficult hurdles identified here.

3. As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the Fourth

Amendment's underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).

F.Supp. 200, 203 (N.D.Ill.1989) among others, *Wilson,* 956 F.2d at 742 noted that Illinois courts have found delays of more than one year unreasonable where plaintiff knew of his or her claim before the shortening amendment took effect. Accord, *Farrell,* 966 F.2d at 282 (also citing *Knox,* and holding 23–month delay unreasonable).

■ Here Anderson waited nearly 20 months after the tolling provision was eliminated to file this action. On the basis of Anderson's own allegations, he clearly knew that he was being arrested falsely on the day of his arrest. It may be that Anderson waited until the Appellate Court affirmed his conviction to file this lawsuit. But no such pendency of other legal proceedings operates to stop the limitation clock's ticking.

That alone compels denial of leave to Anderson to file and proceed in forma pauperis.[4] Hence this opinion need not go on to discuss other problems he would confront, such as the difficulty of charging the City and former Superintendent Martin under Section 1983 (they appear to be sued only on the impermissible predicate of respondeat superior liability), the need to link the four named defendants who are private actors with the type of "willful participa[tion] in joint activity with the State or its agents" necessary for them to meet the Section 1983 "under color of law" requirement (see, e.g., *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970), quoting *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966)) and the possible immunity of the two witnesses (at least as to potential Section 1983 liability stemming from their trial testimony).

Accordingly this Court finds no arguable legal basis for the Complaint, and it denies Anderson's motion for leave to file in forma pauperis (see *Neitzke*). In accordance with the procedure prescribed by *Smith–Bey v. Hospital Administrator,* 841 F.2d 751, 758 (7th Cir.1988), this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(d) (see *Denton,* —— U.S. at ——, 112 S.Ct. at 1734). In addition Anderson is informed:

1. If he wishes to appeal this order of dismissal, within 30 days after the entry of judgment he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit (see Fed.R.App.P. 4(a)). That Notice of Appeal must be filed with the Clerk of the Court of the United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604.

2. Although this Court of course expresses no substantive views on this subject, Anderson should also be aware that if the Court of Appeals were to determine that such an appeal were "frivolous" in the legal sense, that could result in the imposition of sanctions by that Court (see Fed.R.App.P. 38).

### MEMORANDUM OPINION AND ORDER

Anthony Anderson ("Anderson") has filed a timely "Response, Objection, and Reconsideration of Memorandum Opinion and Order Dated September 11, 1992," seeking relief from the entry of judgment against him.[1] This Court's September 11, 1992 dismissal without prejudice pursuant to 28 U.S.C. § 1915(d) had determined (in the "Opinion" bearing that date) that:

1. Anderson had not submitted an application to proceed in forma pauperis or paid the filing fee, but that failure was irrelevant in light of the substantive deficiency next referred to.

2. Any claim that Anderson might have against defendants was barred by

---

**4.** Of course, if Anderson were seeking instead to challenge his conviction and to be released from custody (a remedy that he does not explicitly request), such relief could be obtained only through a habeas corpus proceeding under 28 U.S.C. § 2254, with its attendant requirement of exhaustion of state court remedies (*Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).

**1.** Although Anderson's current filing bears a September 30 date stamp from this District Court's Clerk's Office, it clearly comes within the limited time frame specified by Fed.R.Civ.P. ("Rule") 59(e). It was not until September 29 that this Court's September 11 opinion and the resulting order of dismissal were docketed, and that docketing date starts the Rule 59(e) clock ticking.

the two-year statute of limitations contained in Ill.Rev.Stat. ch. 110, ¶ 13–202 ("Section 13–202").

Anderson first claims that along with his Complaint he did submit a properly completed in forma pauperis application, accompanied by an affidavit from the prison trust fund officer verifying Anderson's indigence. But the court docket does not reflect that any such application has been filed, nor has the Clerk's staff been able to locate Anderson's application. In any event that question again need not be resolved, because Anderson continues to lose on the merits (that is, his claim remains "frivolous" in the legal sense).

■ As to the limitations issue, Anderson now contends that the two-year limitations period should be tolled under Ill.Rev.Stat. ch. 110, ¶ 13–215 ("Section 13–215"):

> If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards.

According to Anderson, after his arrest in 1989 his attorney Richard Kloak ("Kloak") told Anderson that Kloak would "provide him [Anderson] with the names and addresses of all parties with evidence relating to his illegal imprisonment." But Kloak never delivered on that promise, and after Anderson made several inquiries on his own he filed a complaint against Kloak with the Attorney Registration and Disciplinary Commission ("ARDC"). Kloak has never responded to the ARDC complaint and has never provided Anderson with the requested information. Anderson finally submitted his complaint to this Court on August 25, 1992 based upon "the information he had received thus far."

It is not exactly clear what information Anderson was seeking from his former attorney. If Anderson was trying to learn the identity of the various putative defendants in this case, the fraudulent concealment doctrine provides him no relief. As *Smith v. City of Chicago Heights*, 951 F.2d 834, 837 (7th Cir.1992) has recently recon-firmed (citing and quoting a number of state court decisions so holding):

> Illinois Courts have unequivocally construed this provision [Section 13–215] to reach only fraudulent concealment of the cause of action—not fraudulent concealment of the identity of the tortfeasor.

And as this Court's opinion in *Lind–Waldock & Co. v. Caan*, 691 F.Supp. 57, 63 (N.D.Ill.1988) has quoted from *Zagar v. Health & Hosp. Governing Comm'n of Cook County*, 83 Ill.App.3d 894, 898, 39 Ill.Dec. 112, 116, 404 N.E.2d 496, 500 (1st Dist.1980)):

> The concealment contemplated by this section must consist of affirmative acts or representations which are calculated to, and in fact do, prevent the discovery of the cause of action; mere silence of the defendant and failure by the plaintiff to learn of the cause are not sufficient....

■ In other words, to invoke the fraudulent concealment doctrine Anderson must show that there had been (1) an affirmative fraudulent act (2) committed by defendants to cover up the existence of his cause of action. By contrast, here Anderson alleges at most (1) negligence (2) on the part of his attorney, who is not one of the defendants in this case and clearly had nothing to do with Anderson's allegedly illegal arrest.

That double deficiency renders Section 13–215 doubly unavailable to Anderson. And to return to the applicable two-year year limitations period (that prescribed by Section 13–202), clearly Anderson had enough knowledge of his cause of action to bring his claim within that time frame. On the very day of his arrest he knew that the police burst into his home without a warrant, that police interrogated him despite his request for counsel, that he was innocent of the charges against him and that the only reason the complaining witness implicated him was because of a long-running family feud. Indeed, Anderson's current motion to reconsider says that he prepared the Complaint based upon information that he already possessed, without any help from attorney Kloak.

Because Anderson cannot take advantage of the Illinois fraudulent concealment doctrine, his claim remains time-barred. This Court therefore denies Anderson's motion to reconsider the judgment of dismissal.