John WILLIAMS, Plaintiff,

v.

Howard PETERS, Michael Lane, Michael O'Leary, Salvadore Godinez, Gayle Franzen, Marvin Reed, Lou Brewer, Defendants.

No. 92 C 7029.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 24, 1995.

John Williams, pro se.

Susan Takata O'Leary, Andrew N. Levine, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Defendants, Howard Peters, Michael Lane, Michael O'Leary and Salvador Godinez have filed a motion to dismiss the complaint of plaintiff, John Williams ("Mr. Williams"), pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the defendants' motion is granted.

### Background

On October 21, 1992, Mr. Williams filed a complaint under Section 1983 of the Civil Rights Act. 42 U.S.C. § 1983. Mr. Williams alleges that in fall 1987, he was an inmate at Pontiac Correctional Center ("Pontiac"). While at Pontiac, Mr. Williams requested protective custody status.[1] He was placed into the protective security unit and classified into category two. In late 1987 or early 1988, Mr. Williams was transferred to Stateville Correctional Center ("Stateville"). Mr. Williams again sought protective custody. From February to September, 1988, Mr. Williams was assigned to Stateville's protec-

tive security unit and spent this entire time period in either category three or four.

Mr. Williams claims that he should have been placed in category two at Stateville rather than three or four, and that accordingly, he deserves payment under the Class Action Settlement Agreement ("Settlement Agreement") in *Willie Williams v. Michael P. Lane*, No. 81 C 355. The Settlement Agreement provided damages to Stateville inmates in protective custody categories one and two, the plaintiff class, based on a finding that the conditions of their confinement violated their rights under the First and Fourteenth Amendments to the United States Constitution. Mr. Williams also claims that although he was in categories three and four, he was denied the same programs that the plaintiff class in *Willie Williams v. Michael P. Lane* was denied.

Defendants have moved to dismiss claiming that (1) Mr. Williams' action is barred by the applicable statute of limitations and (2) Mr. Williams' claim that he was denied protective custody category two does not allege a deprivation of a constitutionally protected right.

### Statute of Limitations

■ The statute of limitations for Section 1983 claims is two years. *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir.1989); 735 ILCS 5/13–202. Whether Mr. Williams' claim is barred by the statute of limitations depends in part on when, under federal law, his claim accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir.1993). Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated," or, when the plaintiff's injury is inflicted. *Id.; Diaz v. Shallbetter*, 984 F.2d 850, 855 (7th Cir.1993). Mr. Williams' alleged injuries are that during February to September, 1988, (1) he was not placed in protective custody category two, and (2) because he was

---

1. Protective custody status is available to an inmate when he fears for his safety. There are four categories of inmates in protective custody. Category one inmates are smaller, less aggressive and less institutionally sophisticated. Category two inmates are larger, more aggressive and more institutionally sophisticated. Category three is the intake group and includes inmates entering protective custody from the general population of prisoners or on transfer from another institution. Category four inmates have been denied their protective custody requests and have formally protested the decision to return them to the general population.

in the protective custody unit (albeit in categories three and four), he was denied the same programs that the plaintiff class in *Willie Williams v. Michael P. Lane* was denied. By September, 1988, Mr. Williams suffered his alleged injuries, could have filed a Section 1983 suit, and therefore knew or should have known that his rights were violated.[2] *See Kelly v. City of Chicago, supra,* 4 F.3d at 511. Mr. Williams' claim accrued no later than September, 1988.

Since Mr. Williams' claim accrued in 1988, it is time barred unless, under Illinois law, the statute of limitations was tolled. *Kelly v. City of Chicago, supra,* 4 F.3d at 511. Until 1987, imprisonment tolled the statute of limitations for all plaintiffs in prison on a criminal charge. 735 ILCS 5/13–211 (1987). In 1987, the Illinois legislature excepted from this tolling rule claims by prisoners against the Illinois Department of Corrections or its employees or officials. Act of Nov. 23, 1987, Pub. Act 85–907, art. II, § 1, ¶ 13–211, 1987 Ill.Laws 3832. The Seventh Circuit held that because the 1987 amendment limits the availability of relief for plaintiffs bringing Section 1983 claims against certain public officials, it is inconsistent with the purpose of Section 1983. *Dixon v. Chrans,* 986 F.2d 201, 205–206 (7th Cir.1993). Therefore, the 1987 amendment is inapplicable. *Id.* If this were the last word on the subject, Mr. Williams would be entitled to have the statute of limitations tolled.

It is not the last word. On January 1, 1991, the Illinois legislature abolished the tolling rule for individuals in prison. Act of Sept. 6, 1990, Pub. Act 86–1329, § 4, ¶ 13–211, 1990 Ill.Laws 2594. To apply this amendment, an amendment shortening the statute of limitations, it is necessary to decide whether Mr. Williams commenced his action within a reasonable amount of time after the amendment. *Anderson v. City of Chicago,* 803 F.Supp. 1327, 1329 (N.D.Ill. 1992) (citing *Wilson v. Giesen,* 956 F.2d 738, 742 (7th Cir.1992)). Illinois courts have found delays of more than one year unreasonable where the plaintiff knew of his or her

claim before a shortening amendment took effect. *Id.* Whether Mr. Williams' conduct was reasonable depends on the specific facts of this case. *Wilson v. Giesen, supra,* 956 F.2d at 742.

Mr. Williams filed his lawsuit in October, 1992, which is twenty months following January 1, 1991, the effective date of the shortening amendment. Mr. Williams knew his claims—that he was denied protective custody status two and certain programs—prior to the 1991 amendment. He does not allege that he was prevented from filing his action for any reason. The mere fact of his incarceration does not create an excuse for the delay. *Id.* In like circumstances, courts have found similar delays unreasonable. *See id.; Anderson v. City of Chicago, supra,* 803 F.Supp. at 1330. Mr. Williams' twenty month wait before filing his Section 1983 claim was not reasonable. The statute of limitations bars his complaint insofar as it alleges a violation of his federal constitutional rights.

■ Additionally, Mr. Williams' claim is, at least in part, based on his alleged right to participate in the settlement in *Willie Williams v. Michael P. Lane.* His right to make a claim under that settlement is defined by the settlement agreement itself. The agreement required that any proof of claim be filed on or before April 10, 1991. Mr. Williams does not dispute that he did not file a claim within that time period. He claims that he did not know about the settlement and therefore could not file a claim. This Court need not decide if there would be a remedy if Mr. Williams was part of the class that should have been given notice of the settlement, and failed to receive notice, since the terms of the settlement applied only to inmates in protective status categories one and two. Settlement Agreement, p. 4. Since Mr. Williams, according to his pleadings, was in categories three and four during the relevant time period, he was not

---

**2.** In fact, in 1988, Mr. Williams was well apprised of what programs the plaintiff class in *Willie Williams v. Michael P. Lane* were denied since Judge Shadur's opinion discussing that is-

sue in detail came down in 1986. *See Williams v. Lane,* 646 F.Supp. 1379, 1385–94 (N.D.Ill. 1986), *aff'd.,* 851 F.2d 867 (7th Cir.1988).

within the class and therefore not entitled to notice.   Complaint, p. 6, Exhibit 19–A.[3]

### Conclusion

For the reasons set forth above, defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.

---

**3.**  Because the Court has decided that the applicable statute of limitations bars Mr. Williams' complaint, it does not reach the defendants' second basis for bringing their motion to dismiss, *i.e.,* that Mr. Williams has not alleged a deprivation of a constitutionally protected right.