SHIRLEY GOODMAN, a/k/a Mrs. Julius Goodman, Plaintiff, v. HARBOR MARKET, LTD., f/k/a Dahl Market, Inc., *et al.*, Defendants and Third-Party Plaintiffs-Appellants (Stuart Goodman *et al.*, Third-Party Defendants-Appellees).

First District (5th Division)    No. 1—94—2352

Opinion filed December 8, 1995.—Rehearing denied April 19, 1996.

Andrey B. Filipowicz, of Chicago, for appellants.

Barry S. Alberts and Kevin P. Kenealey, both of Schiff, Hardin & Waite, of Chicago, for appellees.

JUSTICE T. O'BRIEN delivered the opinion of the court:

This case arises from a legal malpractice action against the law firm of Schiff, Hardin & Waite and one of its attorneys, Stuart Goodman. At issue is whether the lawsuit is barred under section 13—214.3 of the Code of Civil Procedure (735 ILCS 5/13—214.3 (West 1992)), which contains a two-year statute of limitations and a six-year statute of repose. For reasons which follow, we hold that the suit is not barred as a matter of law, reverse the dismissal of the circuit court, and remand.

The alleged malpractice giving rise to this appeal involved a promissory note executed on April 29, 1985, between Shirley and Julius Goodman and their son-in-law, Richard Dahl. The note was

drafted by Stuart Goodman, Julius' nephew. Goodman represented both the Goodmans and Dahl at the time of the transaction.

Subsequently, on January 26, 1993, Shirley Goodman instituted suit against Dahl to enforce the note. In turn, Dahl filed a third-party action against his former attorneys, Stuart Goodman and the law firm, Schiff, Hardin & Waite (collectively, the attorneys). Dahl filed his suit on November 8, 1993.

The gravamen of Dahl's complaint was that the attorneys' dual representation at the time the note was drafted constituted a conflict of interest. Specifically, Dahl claimed the attorneys did not disclose the possible effects of their simultaneous representation. Moreover, the attorneys did not inform him that certain loan terms were unusual and commercially questionable. Nor did the attorneys suggest alternatives to the loan or recommend that certain oral representations be included in the written agreement. Dahl alleged that he would not have entered into the loan agreement if he had been properly advised by the attorneys.

Relevant to this appeal is Dahl's allegation that he "did not discover" the attorneys' malpractice until he was sued by Shirley. In particular, Dahl submits that he first "discover[e]d" the attorneys' negligence when he was made a party to that lawsuit and "served with summons *** on or about July 1, 1992."[1]

The attorneys successfully moved to dismiss Dahl's complaint pursuant to section 2—619(a)(5) on the basis that it was time-barred by the six-year statute of repose for legal malpractice. (735 ILCS 5/13—214.3 (West 1992).) After granting the dismissal, the circuit court found no just reason to delay enforcement or appeal of the dismissal. See 134 Ill. 2d R. 304(a).

Section 13—214.3 provides:

"(b) An action for damages based on tort, *** against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

(c) *** [A]n action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.

---

[1]The July 2, 1992, date appears to be a typographical error. Shirley Goodman's complaint was filed on January 26, *1993*. Therefore, Dahl could not have been served in July *1992* as stated in his third-party complaint. The sheriff's return indicates that Dahl was served in the underlying action on July 2, 1993. In any event, at the oral argument held in this case, attorneys for both parties based their arguments on the July 2, 1993, date.

\* \* \*

(f) This Section applies to all causes of action accruing on or after its effective date." (735 ILCS 5/13—214.3 (West 1992).)

The effective date of the statute was January 1, 1991. 735 ILCS 5/13—214.3 (West 1992).

On appeal, Dahl initially maintains that section 13—214.3 does not apply because his cause of action accrued before the statute's effective date, January 1, 1991, and, therefore, his action is controlled by the five-year limitations period contained in section 13—205. (Ill. Rev. Stat. 1991, ch. 110, par. 13—205; see, *e.g.*, *Garcia v. Pinto* (1993), 258 Ill. App. 3d 22, 24, 629 N.E.2d 103.) Section 13—205 contained no statute of repose for attorney malpractice actions.

## ACCRUAL OF DAHL'S CAUSE OF ACTION

In order to determine which statute applies, we must first determine when Dahl's cause of action legally accrued. The Illinois Appellate Court has taken different approaches in determining when a cause of action for legal malpractice accrues. One line of cases, illustrated by *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 126, 376 N.E.2d 273, holds that the action "arises" at the time of the negligent act, *i.e.*, "when the attorney breaches his duty to act skillfully and diligently in representing the plaintiff." (*Dolce*, 60 Ill. App. 3d at 126; see also *Maloney v. Graham* (1912), 171 Ill. App. 409, 411.) Recognizing that this rule would bar some plaintiffs from bringing suit before they were even aware of the injury, another line of cases, illustrated by *Tucek v. Grant* (1984), 129 Ill. App. 3d 236, 472 N.E.2d 563, holds that "a cause of action for legal malpractice does not accrue until the client discovers, or should discover, the factors establishing the elements of his cause of action." *Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, 460, 304 N.E.2d 677; see also *Tucek*, 129 Ill. App. 3d at 241.

Our supreme court has never directly addressed the question of when a cause of action for *legal* malpractice accrues. In its most recent decision concerning such actions, the court noted that "[t]he discovery rule delays the commencement of the relevant statute of limitations until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." (*Jackson Jordan, Inc. v. Leydig, Voit & Mayer* (1994), 158 Ill. 2d 240, 249, 633 N.E.2d 627.) In *Jackson*, the client sued its former attorneys for negligent representation in a patent case. The law firm had previously advised the client in 1973 that its proposed "tamping" machine did not infringe upon any existing patents. The client then proceeded with production of the machine and was later sued in 1982 by a rival company which held a patent on a similar machine. The client won

the patent case at trial, but lost on appeal. The client then filed its action for legal malpractice in 1988.

The supreme court held that the date of discovery was a question for the jury; only the fact finder could decide when the client should be charged with the knowledge of injury. In *Jackson* that meant the date when the client was informed another patent existed or the date on which the rival company announced its intention to sue on the patent infringement or on the date in which the court of appeals ruled adversely to the client. *Jackson*, 158 Ill. 2d at 250-51.

The decision in *Jackson* indicates that the date on which the actual malpractice took place—for example, the date advice is given and acted upon—is not the date of the cause of actions's accrual. If accrual occurred on the date of the advice, the supreme court in *Jackson* would not have found that a question of fact existed as to the date of discovery, for the parties did not dispute that the advice was given in 1973. *Jackson* leaves but little doubt that the accrual theory embraced in *Dolce* is no longer the law in Illinois. We must, therefore, adopt the rationale set forth in both *Kohler* and *Tucek*, which we believe is more consistent with Illinois case law concerning the discovery of injury and its effect on the accrual of a cause of action.

## THE DISCOVERY RULE

■ Illinois courts have acknowledged the inherent inequities which arise if a plaintiff is unaware of otherwise actionable negligence until after the applicable statute of limitations has passed. The solution to the dilemma is the so-called "discovery rule," which tolls a limitations period to the time when a person knows or reasonably should know both of his injury and its wrongful cause. See, *e.g.*, *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 71-72, 250 N.E.2d 656; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864. But *cf. Sister Marie Golla v. General Motors* (1995), 167 Ill. 2d 353; *Berry v. G.D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550; *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305 (holding discovery rule inapplicable in cases in which a "sudden traumatic event" is involved because the nature and circumstances surrounding the event are such that the injured party is put on notice that actionable conduct might be implicated).

The discovery rule was first adopted by the supreme court in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 71-72, 250 N.E.2d 656, where the court contemplated the rule's considerable implications in determining "when an action 'accrues' as that word is used in vari-

ous statutes of limitation in this State." (*Rozny*, 43 Ill. 2d at 70.)[2] In *Rozny*, the court held that the cause of action at issue, the professional negligence of a land surveyor, accrued for purposes of Illinois' statutes of limitations "when [plaintiffs] knew or should have known of the defendant's error." (*Rozny*, 43 Ill. 2d at 72-73.) In so holding, the court overruled the appellate court, which had held that despite the fact that the plaintiffs were unaware of the error and its impact at the time, the cause of action had accrued on the date of the surveyor's purported negligence.

In *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450, the supreme court overruled the appellate court decision which had held that the plaintiff's cause of action for medical malpractice accrued at the time of the negligence even though the plaintiff did not know she had been injured. There, the defendant told the plaintiff, in 1963, that a lump under her arm was benign. The diagnosis proved erroneous. In 1966, the plaintiff underwent extensive surgery in which it was discovered that the lump was indeed malignant. The plaintiff thereafter filed suit more than two years after the expiration of the applicable statute of limitations. The supreme court reinstated the suit, explaining that to hold that accrual occurred on the date of the negligence "brings 'obvious and flagrant injustice.' " (*Lipsey*, 46 Ill. 2d at 40, quoting W. Prosser, Torts § 30 (3d ed. 1964).) The court went on to state:

> " 'On a theoretical basis it is impossible to justify the applicability of the discovery rule to one kind of malpractice and not to another. The reason for the application of the discovery rule is the same in each instance. It is manifestly unrealistic and unfair to bar a negligently injured party's cause of action before he has had an opportunity to discover that it exists.' " (*Lipsey*, 46 Ill. 2d at 41, quoting *Frohs v. Greene* (1969), 253 Or. 1, 3-4, 452 P.2d 564, 565.)

Indeed, it was this rationale which underlied the appellate court's decision in *Kohler*, the first legal malpractice case which applied the discovery rule to such causes of action. (See *Kohler*, 15 Ill. App. 3d at 460 ("a cause of action for legal malpractice has not accrued until the client discovers, or should have discovered, the facts establishing the elements of his cause of action").[3]

The relationship between an attorney and the client is one in

---

[2]Accrual, of course, means "when facts exist which authorize the bringing of an action." *Schreiber v. Hackett* (1988), 173 Ill. App. 3d 129, 131, 527 N.E.2d 412.

[3]Two years later, our supreme court addressed whether the discovery rule should apply to defamation actions, actions in which accrual traditionally occurred on the date of publication. In holding the discovery rule ap-

which the attorney is charged with a duty to act skillfully and diligently on the client's behalf. Given the duty, the client is presumed unable to discern any misapplication of legal expertise. As the California Supreme Court has stated:

"If [the client] must ascertain malpractice at the moment of its incidence, the client must hire a second professional to observe the work of the first, an expensive and impractical duplication, clearly destructive of the confidential relationship between the practitioner and his client." (*Neel v. Magana, Olney, Levy, Cathcart & Gelfand* (1971), 6 Cal. 3d 176, 188, 491 P.2d 421, 428, 98 Cal. Rptr. 837, 844.)

Therefore, it is "the realized injury to the client, not the attorney's misapplication of the expertise, [which] marks the point in time for measuring compliance with a statute of limitations period." *Hermitage Corp. v. Contractors Adjustment Co.* (1995), 166 Ill. 2d 72, 90, 651 N.E.2d 1132 (Freeman, J., dissenting).

■ Applying the foregoing principles, we hold that Dahl's cause of action against his attorneys accrued on July 2, 1993, the undisputed date of his discovery. Because section 13—214.3 applies to causes of action "accruing" on or after January 1, 1991, it applies to Dahl's suit.

## SECTION 13—214.3(c) AND THE STATUTE OF REPOSE

As a preface to our discussion of section 13—214.3(c), we note that the legislative intent behind a statute of limitations is necessarily different from the legislative intent behind a statute of repose. "The period of repose gives effect to a policy different from that advanced by a period of limitations; it is intended to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action." *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 422, 490 N.E.2d 665, citing *Gates Rubber Co. v. USM Corp.* (7th Cir. 1975), 508 F.2d 603, 611-12 (Clark, J., dissenting).

■ Although in a general sense statutes of repose and statutes of

---

plicable to the cause of action, the court pointed out the rule's operation with various other causes of actions, notably medical malpractice, products liability, and, ironically, attorney malpractice. In fact, the court specifically cited *Kohler*, stating that " 'a cause of action for legal malpractice does not accrue until the client discovers, or should discover, the facts establishing the elements of his cause of action.' " (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 135, 334 N.E.2d 160, quoting *Kohler*, 15 Ill. App. 3d at 460.) Oddly enough, *Dolce*, decided three years after the supreme court's decision in *Olesker*, does not mention the supreme court's seeming approval of the *Kohler* decision.

limitations are similar in that they prescribe the periods within which actions may be brought, the terms are not interchangeable. A statute of repose terminates the right to bring an action when the event giving rise to the cause of action does not transpire within the specified interval. The injured party no longer has a recognized right of action, and the harm that has been done is *damnum absque injura*—a wrong for which the law affords no redress. (See *Rosenberg v. Town of North Bergen* (1972), 61 N.J. 190, 199, 293 A.2d 662, 667.) As one court has said, "[a] statute of limitations normally governs the time within which legal proceedings must be commenced after the cause of action accrues. *** A statute of repose, however, limits the time within which an action may be brought and is not related to the accrual of any cause of action. The injury need not have occurred, much less have been discovered." (Emphasis omitted.) *Bradway v. American National Red Cross* (11th Cir. 1993), 992 F.2d 298, 301.

■ In this case, section 13—214.3(c) contains a period of repose such that no action may be brought if "the act or omission" upon which it is based occurred more than six years prior to the filing. Here, because the alleged acts of negligence occurred in April 1985, the repose period expired six years later, in April 1991. Dahl, however, did not file his complaint against the attorneys until November 1993. Thus, under the statute, Dahl did not timely file his cause of action.

Citing a long line of Illinois Supreme Court cases, Dahl argues that this court should apply the same exception to the legal malpractice statute of repose that has been used to prevent harsh results in other areas of the law, when similar statutory enactments "cut off" a plaintiff's potential cause of action. Based upon our interpretation of our supreme court's decisions on this issue, we agree.

In *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, the supreme court explained the rationale behind statutes of repose. There, the court recognized that due to the judiciary's extensive application of the discovery rule "statutes of limitations no longer constituted statutes of repose for a defendant in a malpractice action." (*Anderson v. Wagner*, 79 Ill. 2d at 305.) This created an "open-ended" statute of limitations—a limitations period without a limit. The attendant, increased liability potential led to insurance coverage problems and a claimed general "medical malpractice insurance crisis" in most jurisdictions of the country. (See *Anderson*, 79 Ill. 2d at 301.) In response, the legislature amended the relevant statute of limitations and added a four-year period of repose. (*Anderson*, 79 Ill. 2d at 301-02.) The effect of the repose period, of course, was to preclude certain causes of action before they were discovered. (See

*Anderson*, 79 Ill. 2d at 312.) The court held that although the repose periods may yield seemingly harsh and unfair results, the statutes comported with due process. *Anderson*, 79 Ill. 2d at 312.

Nevertheless, not all harsh results are the same. In Illinois, an amendment shortening a statute of limitations, of course, will not be retroactively applied so as to terminate a cause of action unless the party has had a reasonable period of time after the amendment's effective date in which to file an action. (*Phillips Products Co. v. Industrial Comm'n* (1983), 94 Ill. 2d 200, 203-04, 446 N.E.2d 234.) This judicial rule of construction applies even in those instances in which the legislature has expressed an intent that the limitations period be applied retroactively. *Phillips*, 94 Ill. 2d at 204.

Although the above-noted rule is stated in terms of statutes of limitations, our supreme court has applied it in cases involving statutes of repose. In *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 447 N.E.2d 408, the supreme court construed the 1976 amendment to the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) that added a four-year period of repose to the malpractice statute's two-year statute of limitations. The repose period commenced on the date of the act or omission alleged to have been the cause of injury or death. The court considered whether the repose provision barred claims which were discovered, respectively, 6 years, 37 years, and 35 years after treatment was received. The court held that it would not read into the statute a "retroactive application so as to instantaneously extinguish a cause of action that existed prior to the amendment." *Moore*, 95 Ill. 2d at 237.

However, in the special concurring opinion in *Moore*, three members of the court recognized that the causes of action which stem from occurrences prior to the effective date of the amendment and which, under the discovery rule, "accrue" at a later time should not be terminated by a statute of repose on its effective date. (*Moore*, 95 Ill. 2d at 240-42 (Ryan, C.J., specially concurring, joined by Underwood and Moran, JJ.).) The concurrence went on to reason that, because the statute of repose necessarily must be read to apply retroactively, a rule of reasonableness should apply to these "inchoate rights similar to its application to accrued or vested rights." (*Moore*, 95 Ill. 2d at 242 (Ryan, C.J., specially concurring).) Applying such a rule, the concurring justices concluded that the intent of the General Assembly was that the time within which the cause of action may be discovered cannot remain open-ended and that it was reasonable and consistent with that intent to require that an injured person discover and commence his medical malpractice action within four years after the occurrence. (*Moore*, 95 Ill. 2d at 243 (Ryan, C.J.,

specially concurring).) Consistent with this intent, a person injured prior to the effective date of the 1976 amendment must discover his cause of action and file his complaint within four years after the effective date of the amendment. *Moore*, 95 Ill. 2d at 243.

In *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 490 N.E.2d 665, the supreme court once again reviewed the development of the discovery rule and the history of the legislative action concerning limitations. The court applied the rationale of the concurring opinion in *Moore* and held that the plaintiffs were entitled to a "reasonable period" of time following the effective date of the statute of repose within which to discover and file their causes of action. The court asserted that "the reasonable time to which the plaintiffs here were entitled did not extend beyond that provided by the new repose period, computed from its effective date, September 19, 1976." (*Mega*, 111 Ill. 2d at 422.) Because the plaintiffs did not file their causes of action within four years of the effective date of the amendment, the court ruled that their suits were time-barred. That same year, the supreme court iterated its holding in *Mega* and applied it to the statute of repose applicable to products liability actions. See *Costello v. Unarco Industries, Inc.* (1986), 111 Ill. 2d 476, 490 N.E.2d 675.

We note that several factors present in these decisions are also present in the case before this court. In all instances, prior to legislative action, the limitations periods were, by application of the discovery rule, "open-ended." The legislature, responding to the ramifications of such a scenario, created repose periods to "cut off" some of the undiscovered causes of actions. In the area of legal malpractice, this same intent is reflected in the legislative debates in which the issue of insurance coverage was specifically mentioned. (See 86th Ill. Gen. Assem., House Proceedings, May 18, 1990, at 59-60 (statements of Representative Preston).) Of particular relevance to our case are the comments of Senator Marovitz:

> "Case law has established that a cause of action for legal malpractice will not accrue until the client discovers or should have discovered the facts establishing the cause of action. What [this bill] does *** [is] provide[ ] a two-year Statute of Limitation on attorney malpractice with a six-year limitation after the individual—that's the—that's the outer limit—two years after the individual knew or should have known, but no more than six years. We have done similar things in this Body recently for physicians, dentists, registered nurses, hospitals, architects, builders, contractors, public accountants, and the lawyers are really the last one to get on board ***." (86th Ill. Gen. Assem., Senate Proceedings, June 21, 1990, at 33 (comments of Senator Marovitz).)

Thus, it is apparent that the legislature sought to create a statute of repose similar to those found in the area of medical malpractice and interpreted by our supreme court in the *Anderson, Moore,* and *Mega* decisions. To be sure, the success of the legislature in cutting off the long tail of liability in tort cases has been tenuous. Given the language of the instant statute of repose, it is not without effort to understand the application of the "reasonable period" rationale. We wonder whether it is not more appropriately limited to those situations where the legislature has *reduced* the existing limitations period, for example, from five years to two years (see *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513), rather than has *enacted* a repose period. In the former situation, the shortening of the limitations period lends itself to the "reasonable time" analysis without doing violence to the intent of the legislature to extinguish causes of action, discovered or not. However, *Anderson, Moore,* and *Mega* make clear that, although the supreme court acknowledges the different functions played by a statute of repose and a statute of limitations, the reasonable period of time exception is to be applied in both situations. For that reason, we are duty bound to apply the supreme court's analyses found in those cases when construing section 13—214.3.

We find *Costello v. Unarco* to be particularly instructive in ascertaining the effect of applying the exception to the facts of this case. Relying on its prior decision in *Mega,* the supreme court in *Costello* applied the exception to a cause of action involving asbestos exposure. The plaintiff, Frank Costello, was exposed to defendant's asbestos materials at his workplace between 1942 and 1945. As a result of the exposure, Costello developed cancer which was later discovered in September 1980. His widow subsequently brought suit on April 27, 1982. Asserting the ten-year period of repose applicable to products liability actions, the defendant moved for dismissal. The circuit court granted the motion, and the case ultimately went to the supreme court. The court held:

> "It appears to us that the rationale of the special concurring opinion in *Moore* and the majority opinion in *Mega* applies here. Plaintiff's cause of action, inchoate at the time of the effective date of the provision for repose, accrued subsequent to that date. We need not decide what would be a reasonable period after the effective date of the amendment to discover the condition. The cause was dismissed upon allowance of defendants' motion to dismiss and for purposes of this appeal the date of discovery alleged in the complaint must be taken as true. The record shows that the action was instituted within three years of the effective

date [of the statute] and two years of discovery, and we hold that plaintiff's cause of action was timely filed." (*Costello*, 111 Ill. 2d at 484.)

Again, the supreme court held that the reasonable period of time in which a plaintiff may bring suit for injuries sustained prior to the effective date of a statute of repose can never be more than the repose period itself, computed from the effective date of the statute. *Costello*, 111 Ill. 2d at 483.

■ Applying this rationale to the facts in this case, Dahl's action must be viewed as timely filed. Dahl both discovered his injury and filed suit within six years of the effective date of section 13—214.3.

The attorneys argue, however, that Dahl is unlike the plaintiffs considered in *Mega*, *Moore*, and *Costello* because Dahl's cause of action was not instantaneously barred as of the effective date of the statute, January 1, 1991. Although we agree with the attorneys that Dahl is unlike the plaintiffs considered in those cases, we find the "distinction" to be without a difference.

Cases such as this fall into two categories. In the first category, the repose period immediately extinguishes the "inchoate" right of action. Our courts have described these cases as ones which are "instantaneously barred" if the repose period were to apply retroactively. *Mega*, *Moore*, and *Costello* are of this species. The second category is where the repose period shortens the time to file an "inchoate" cause of action, which is still viable on the effective date of the new statute, even under its new terms. Sparse case law treats these situations; however, in those cases where the issue has been broached, courts look to whether the time between the effective date of the statute and the new date on which it barred the cause of action allowed the plaintiff a "reasonable time" to file the suit. (See *Mega*, 111 Ill. 2d at 420-21; *Clark v. St. John's Hospital* (1984), 128 Ill. App. 3d 989, 991, 471 N.E.2d 912 (11-month period not reasonable); *Charles v. Meyer Medical Group* (1981), 96 Ill. App. 3d 275, 278, 421 N.E.2d 334 (14-month period reasonable). Accord *Fasanelle v. Elrod* (N.D. Ill. 1986), 635 F. Supp. 531, 533 (interpreting Illinois law).) In either category, however, the result is the same: if a reasonable time exists, no additional time will be given; if not, plaintiffs will be allowed a reasonable period of time within which to file their actions.

Here, Dahl falls within the latter category of cases. The time between section 13—214.3's effective date and the date Dahl's cause of action became barred under the new statute's terms, April 1991, was only three months. We do not believe three months constitute a "reasonable period" within which to discover the injury and file suit, as contemplated by the supreme court. See *Clark*, 128 Ill. App. 3d at

991; *Pucci v. Santi* (N.D. Ill. 1989), 711 F. Supp. 916, 924 (interpreting Illinois law and finding four-month period unreasonable).

Thus, in accordance with the analyses in *Mega* and *Costello*, because he sustained his injury prior to the effective date of section 13—214.3, Dahl was required to discover and commence his action no later than January 1, 1997. It is undisputed that Dahl did not discover the alleged negligence until July 2, 1993. Dahl's complaint, filed within four months of discovery on November 1, 1993, was therefore timely. See *Costello,* 111 Ill. 2d at 484 (holding as a matter of law that complaint filed within three years of the effective date of statute and two years of discovery was timely filed).

The order of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GORDON and McNULTY, JJ., concur.