**Frank J. SCHWEIHS, Plaintiff–Appellant,**

v.

**Thomas BURDICK, Charlene Mitchell, and Simon and Schuster, a corporation, Defendants–Appellees.**

No. 95–3792.

United States Court of Appeals, Seventh Circuit.

Argued June 4, 1996.

Decided Sept. 19, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 28, 1996.

918

John Thomas Moran, Jr., Chicago, IL, for Plaintiff-Appellant.

Richard B. Kapnick, James B. Speta, Susan M. Davies, Sidley & Austin, Chicago, IL, Katherine L. Adams (argued), Theodore J. Theophilos, Sidley & Austin, New York City, for Defendant-Appellee.

Before BAUER, CUDAHY, and EASTERBROOK, Circuit Judges.

BAUER, Circuit Judge.

While incarcerated at the Oxford Correctional Center in Oxford, Wisconsin, Frank Schweihs read *Blue Thunder*, a book that Simon and Schuster published in October 1990. Schweihs believes that the book defames him; unfortunately, he did not file a tort action against the authors and publisher until October 23, 1992. Simon and Schuster removed the claim to federal court, and the district court found the action barred by the Illinois statute of limitations. 735 ILCS 5/13–201. We affirm.

### Background

At all times relevant to this lawsuit, Schweihs has been incarcerated pursuant to his conviction on federal extortion charges. *See United States v. Schweihs*, 971 F.2d 1302 (7th Cir.1992). During that incarceration, defendants Thomas Burdick and Charlene Mitchell co-authored a book, *Blue Thunder*, about the murder of a Florida businessman.

In Schweihs' opinion, the book is libelous insofar as it implicates him in a murder which he did not commit and for which another man has been convicted. To date, this case has been long on procedure and short on substance. We continue that trend. In light of our decision, we do not reach the merits of the defamation claim. And so, we begin with the route it has taken to get here.

Defendant Simon and Schuster published the book on October 25, 1990. Nearly two years later, on October 23, 1992, Schweihs filed his initial defamation suit in Illinois state court. Before Schweihs had served any of the defendants, the court dismissed the complaint for want of prosecution on October 20, 1993. A year later, on October 19, 1994, Schweihs filed a second complaint against the same three defendants. Schweihs served the complaint and summons on Simon and Schuster on November 2, 1994, but defendants Burdick and Mitchell have yet to be served.

On November 28, Simon and Schuster removed the action to federal district court. Schweihs filed a motion to remand the case, which the district court denied on March 16, 1995. On October 3, 1995, the district court found that Schweihs' second complaint was time-barred by the Illinois statute of limitations for defamation, 735 ILCS 5/13–201, and entered summary judgment in favor of Simon and Schuster. Because Schweihs still had not served defendants Burdick and Mitchell, the district court dismissed the action against those two defendants pursuant to Federal Rule of Civil Procedure 4(m). Schweihs appeals only the entry of summary judgment.

## Analysis

■ We review the district court's decision to grant summary judgment *de novo*. In a diversity action, we follow the law of the forum state, in this case Illinois. *See ECHO v. Whitson Co.*, 52 F.3d 702, 707 (7th Cir. 1995). Under Illinois law,

> Actions for slander, libel or for publication of matter violating the right of privacy,

shall be commenced within one year next after the cause of action accrued.

735 ILCS 5/13–201. From the defendants' perspective, the timeline is simple—they distributed *Blue Thunder* to the public on October 25, 1990, and Schweihs did not sue until October 1992.[1] Schweihs, however, claims that he was not aware of the publication until July or August of 1992, and that his incarceration tolled the statute of limitations until his release from prison. Although the Illinois Code of Civil Procedure previously tolled the statute of limitations for prisoners' claims until their release, an amendment effective January 1, 1991 deprived prisoners of any tolling benefits. See 735 ILCS 5/13–211 (1978); *Dixon v. Chrans*, 986 F.2d 201, 204 n. 3 (7th Cir.1993). Under the old statute, Schweihs could have waited until after his release from prison to file his claim, but under the amended statute, Schweihs could file only before October 25, 1991. The problem, of course, is that the amendment shortened the limitations period against Schweihs *after* it began to run.

■ We will apply a shortened limitations statute retroactively only if Schweihs had a "reasonable" time to file his claim against Simon and Schuster after the amendment. *See Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir.1992), *cert. denied*, 506 U.S. 1084, 113 S.Ct. 1059, 122 L.Ed.2d 364 (1993). Courts have determined reasonable periods on a case by case basis and have approved periods as short as nine months and as long as fifteen months. *Id.; see also Pearson v. Gatto*, 933 F.2d 521, 526 (7th Cir.1991). So we consider whether Schweihs filed his claim within a reasonable time. Despite the shortened limitations period, Schweihs did not file his complaint until October 23, 1992, twenty-two months after the effective date of the 1991 amendment. In light of the fact that the Illinois statute of limitations for defamation is only one year, this delay is unreasonable. *See, e.g., Farrell*, 966 F.2d at 282; *Wilson v. Giesen*, 956 F.2d 738, 742 (7th Cir.1992) (twenty-three month delay unrea-

---

1. Illinois law allows a plaintiff whose complaint is dismissed for want of prosecution to commence a new action within the greater of one year or the remaining limitations period follow-ing the dismissal. *See* 735 ILCS 5/13–217. Because Schweihs filed his second complaint within one year of the dismissal, we must determine the timeliness of the first complaint.

sonable); *Williams v. Peters,* 874 F.Supp. 203, 205 (N.D.Ill.1995) (twenty months unreasonable); *Anderson v. City of Chicago,* 803 F.Supp. 1327, 1330 (N.D.Ill.1992) (twenty months unreasonable).

Ordinarily, this would end the inquiry. However, Schweihs urges us to apply the "discovery rule" to his libel claim to find that the limitations period did not commence until he discovered the alleged defamation in the summer of 1992. Responding to the possibility that injustice otherwise might result, the Illinois Supreme Court first adopted a discovery rule in *Rozny v. Marnul,* 43 Ill.2d 54, 70–71, 250 N.E.2d 656, 664–65 (1969). In *Rozny,* the court noted that

> where the passage of time does little to increase the problems of proof, the ends of justice are served by permitting plaintiff to sue within the statutory period computed from the time at which he knew or should have known of the existence of the right to sue.

*Id.,* 250 N.E.2d at 664. The issue of when or whether to invoke the discovery rule has arisen in various contexts. In *Hermitage Corp. v. Contractors Adjustment Co.,* 166 Ill.2d 72, 77–79, 209 Ill.Dec. 684, 686–88, 651 N.E.2d 1132, 1134–36 (1995), the Illinois Supreme Court elaborated on the discovery rule and noted that courts have applied the rule on a "case-by-case basis, weighing the relative hardships of applying the rule to both plaintiffs and defendants." *See also Golla v. General Motors Corp.,* 167 Ill.2d 353, 360–62, 212 Ill.Dec. 549, 553–54, 657 N.E.2d 894, 898–900 (1995) (declining to apply discovery rule where plaintiff knew of some injuries at the time of automobile accident); *Goodman v. Harbor Market, Ltd.,* 278 Ill. App.3d 684, 688–89, 215 Ill.Dec. 263, 267–68, 663 N.E.2d 13, 17–18 (1 Dist.1995) (applying discovery rule in legal malpractice case).

The Illinois Supreme Court addressed whether the discovery rule should apply to defamation actions in *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.,* 61 Ill.2d 129, 334 N.E.2d 160 (1975). *Tom Olesker's* involved an allegedly libelous report which the defendant credit agency published and distributed to its subscribers. Despite the general rule that defamation actions accrue on the date of publication, the court declined to follow a rule that amounted to "an abstract and mechanical reasoning in deciding when the cause of action accrued." *Id.,* 334 N.E.2d at 164. The court noted

> The purpose of a statute of limitations is certainly not to shield a wrongdoer; rather it is to discourage the presentation of stale claims and to encourage diligence in the bringing of actions. There is no claim of any want of diligence on the part of the plaintiff, nor is there anything to suggest any increased problems of proof so far as the defendant is concerned.

*Id.*

While Illinois courts presumably still would apply the discovery rule to some defamation actions, *see Goodman,* 215 Ill.Dec. at 267 n. 3, 663 N.E.2d at 17 n. 3, the *Tom Olesker's* court distinguished cases involving credit reporting agencies from those alleging defamations through mass-media publication.

> In claimed libels involving, for example, magazines, books, newspapers, and radio and television programs, the publication has been for public attention and knowledge and the person commented on, if only in his role as a member of the public, has had access to such published information.

*Tom Olesker's,* 334 N.E.2d at 164.

■■■ Several reasons support this limitation. First, a credit reporting agency does not enjoy the same constitutional protections that are afforded mass media publications. *See Grove v. Dun & Bradstreet,* 438 F.2d 433, 437–38 (3rd Cir.1971). Second, in response to the Illinois' courts adopting the discovery rule, the Illinois Legislature has amended certain statutes of limitation to add a period of repose. The statutes of repose fix an outer limit on the time period in which actions may be brought. *See, e.g.,* 735 ILCS 5/13–212(b) (eight year limit for medical malpractice); 735 ILCS 5/13–213(d) (eight year limit in product liability cases); 735 ILCS 5/13–214 (ten year limit for tort or contract action for construction design); 735 ILCS 5/13–214.3(c) (six year limit for legal malpractice). The amended limitations statutes also incorporate language about when the claimant "knew, or through the use of reasonable

 

diligence should have known" of the existence of the injury. *See* 735 ILCS 5/13–212(a); 735 ILCS 5/13–213(d); 735 ILCS 5/13–214.3(b). The defamation statute of limitations, by contrast, contains no such provision. *See* 735 ILCS 5/13–201. The "knew or should have known" language is noticeable in its absence, and the aforementioned statutory references indicate that if the Illinois Legislature wishes to apply the discovery rule to all defamation actions it is capable of doing so. *See L. Cohen & Co. v. Dun & Bradstreet, Inc.*, 629 F.Supp. 1425, 1429 (D.Conn. 1986).

■ The courts seem to apply the discovery rule in situations where the defamatory material is published in a manner likely to be concealed from the plaintiff, such as credit reports or confidential memoranda. In these situations, the injustice that results from the expiration of the limitations period before discovery of the plaintiff's injury is more likely to occur. *See, e.g., Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 821 (Tenn.1994); *McKown v. Dun & Bradstreet, Inc.*, 744 F.Supp. 1046, 1049 (D.Kan. 1990); *Clark v. Airesearch Manufacturing Company of Arizona, Inc., A Division of Garrett*, 138 Ariz. 240, 242, 673 P.2d 984, 986 (Ariz.Ct.App.1983); *Rinsley v. Brandt*, 446 F.Supp. 850, 853 (D.Kan.1977); *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex.1976).[2] This is the approach that the Illinois Supreme Court alluded to in *Tom Olesker's*, and we believe it is the approach that court would adopt in the present situation.

Schweihs seeks to escape this mass-media exception by arguing that as a prisoner, he is not a "member of the public" and does not have access to the same sources of information. We do not believe that Illinois law makes such a distinction, however, and especially in light of the legislature's 1991 amendment eliminating tolling provisions for prisoners, we decline to do so here. The district court properly found Schweihs' claim to be time-barred by the Illinois statute of limitations.

2. Only Hawaii has adopted the discovery rule for all defamation actions. *See Hoke v. Paul*, 65

### Conclusion

The district court's decision to grant summary judgment in favor of the defendants is AFFIRMED.

Haw. 478, 483, 653 P.2d 1155, 1159 (1982).