Timothy CHATMON, Plaintiff-
Appellant,

v.

Michael EASTON, et al., Defendants–
Appellees.

No. 02–2377.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2002.*

Decided Dec. 18, 2002.

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

ORDER

In November 2001 Timothy Chatmon filed a two-count complaint in federal court against three police officers, Michael Easton, Mark Fritz, and Chris Cowan for coercing a witness to testify falsely against him in an Illinois murder trial. Count one alleged that they were liable under 42 U.S.C. § 1983 for violations of his Fourth, Fifth and Fourteenth Amendment rights. Count two alleged that the defendants were liable for malicious prosecution. The district court dismissed the complaint because, among other reasons, several claims were time-barred. We affirm.

In September 1989 Chatmon was arrested for murder. He was convicted in Winnebago County, Illinois and sentenced to 35 years' imprisonment. His conviction was affirmed on direct appeal but in January 1995 the Winnebago County circuit court granted his petition for post-conviction relief, vacated his conviction, and granted him a new trial. The court found that the key witness at Chatmon's trial

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

had recanted her testimony and told at least 48 lies during the investigation and trial, and that no physical evidence linked Chatmon to the crime. After the Illinois appellate court affirmed the decision, the state, in November 1995, dismissed the murder charges. Chatmon had been imprisoned from September 1989 until February 1995.

Six years later Chatmon filed this § 1983 suit for violations of his Fourth, Fifth, and Fourteenth Amendment rights. The district court dismissed the Fifth Amendment due process claim because Chatmon was suing state, not federal officials. The court dismissed his remaining § 1983 and malicious prosecution claims as time-barred because the statute of limitations for both is two years. *Ashafa v. City of Chicago*, 146 F.3d 459, 461–62 (7th Cir. 1998) (two years for § 1983 claims filed in Illinois); *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir.1998) (two years for Illinois malicious prosecution claims).

■ On appeal Chatmon does not dispute the district court's dismissal of his Fifth Amendment claim. He first presses the frivolous argument that his incarceration was a legal disability that somehow rendered the relevant statute of limitations inapplicable. It is true that imprisonment was once considered a disability that tolled the limitations period, but an amendment to the Illinois Code of Civil Procedure, effective Jan. 1, 1991, stripped prisoners of any tolling benefits. *See Schweihs v. Burdick*, 96 F.3d 917, 919 (7th Cir.1996). Even if tolling could apply, however, Chatmon's claim would still be untimely. He was released from prison in 1995 and did not sue until 2001–this delay is well beyond the applicable two-year statute of limitations. For the same reason, Chatmon's oblique references to equitable estoppel and equitable tolling are frivolous.

■ Chatmon also argues that the statutes of limitations for his claims should have been tolled during the time that he was mentally disabled. He says, and the appellees concede, that in 1988 the Social Security Administration found him to have a mental disability. But a disability for purposes of social security benefits and a disability that tolls the Illinois limitations periods are two different things. *See Bloom v. Braun*, 317 Ill.App.3d 720, 250 Ill.Dec. 928, 739 N.E.2d 925, 933 (Ill.App. Ct.2000). A mental disability tolls the limitations period under Illinois law only if a person is "entirely without understanding or capacity to make or communicate decisions regarding his person" and "totally unable to manage" his affairs. *Basham v. Hunt*, 332 Ill.App.3d 980, 266 Ill.Dec. 143, 773 N.E.2d 1213, 1221 (Ill.App.Ct.2002); 735 Ill. Comp. Stat. 5/13–211 (2002). Nowhere does Chatmon suggest that he was incapacitated to such a degree.

The judgment of the district court is AFFIRMED.