ESCHBACH, Senior Circuit Judge.
 

 Ronald D. Grimm (“Grimm”) appeals the District Court’s summary judgment against him in his suit under 42 U.S.C. § 1983 alleging false arrest. We affirm, because we agree with the District Court’s conclusion that the undisputed facts show that probable cause supported Grimm’s arrest for ethnic intimidation.
 

 Discussion
 

 We review a grant of summary judgment
 
 de novo. See La Preferida, Inc. v. Cerveceria Modelo, S.A.,
 
 914 F.2d 900, 905 (7th Cir.1990).
 

 Grimm was arrested for the crime of ethnic intimidation under Ill.Rev.Stat. ch. 38 ¶ 12-7.1. “A person commits ethnic intimidation when, by reason of the race, color, creed, religion or national origin of another individual ... he commits assault.”
 
 Id.
 
 Assault includes placing “another [person] in reasonable apprehension” of receiving “physical contact of an insulting or provoking nature.” Ill.Rev.Stat. ch. 38 ¶ 12-1, -3.
 

 Probable cause supported Grimm’s arrest for this crime. Before arresting Grimm, the defendant police officer David Churchill interviewed the alleged victim of the ethnic intimidation, a 12 year old black girl named lone Fuller, in response to a complaint by her mother. Without dispute, lone told Officer Churchill that she had been threatened by a white man at her school bus stop. According to lone, the man shouted racial slurs and other expletives at her, and she was afraid that he would hit her.
 
 [1]
 
 Police Suppl. Case Report, p. 2; Affidavit of lone Fuller, p. 1; Affidavit of David Churchill, p. 1. lone did not know the name of the man, but knew him to be the father of another student. The next evening, lone and her mother told Officer Churchill that they had learned the man was the plaintiff, Ronald Grimm. Affidavit of David Churchill, p. 3.
 

 As we have previously held, “When an officer has ‘received his information from some person — normally the putative victim or an eye witness — who it seems reasonable to believe is telling the truth,’ he has probable cause.”
 
 Gramenos v. Jewel Cos.,
 
 797 F.2d 432, 439 (7th Cir.1986),
 
 cert. denied
 
 481 U.S. 1028, 107 S.Ct. 1952, 95 L.Ed.2d 525 (1987),
 
 quoting Daniels v. United States,
 
 393 F.2d 359, 361 (D.C.Cir.1968);
 
 see also Jones v. Chicago,
 
 856 F.2d 985, 994 (7th Cir.1988) (stating that an identification given by a “lucid” victim would establish probable cause). This rule decides this ease. Officer Churchill received his information from the alleged victim, and he had no basis to find her untruthful.
 

 Indeed, Officer Churchill’s information was not limited to what lone supplied. Officer Churchill had heard through his brother-in-law that Grimm had a history of making racial insults and engaging in ra
 
 *676
 
 cial confrontations. Further, Officer Churchill knew that the bus stop in question had been the scene of racial confrontation in the past. Affidavit of David Churchill, pp. 3-4.
 

 None of these points about what Officer Churchill had been told are in dispute. For completeness, we emphasize that Grimm admits to confronting lone, but states that this was only to stop her from harassing his two sons. He denies threatening her, using racial slurs or other epithets, and denies any history of racial animosity. But the question before us is not whether Grimm is guilty (the charges against him were dismissed for lack of evidence), nor whether Officer Churchill could or should have investigated further, for example, by questioning other children who were allegedly present at the time of the confrontation. The only question is whether Officer Churchill violated constitutional standards by arresting Grimm. He did not.
 
 [2]
 

 Conclusion
 

 For the reasons stated, the District Court’s judgment is Affirmed.
 

 [1]
 

 . Grimm argues that, even on these facts, he would not have violated the statute because he did not confront lone "by reason” of her race, as the statute requires. Regardless of Grimm’s real motivations, lone’s statement that he used racial slurs establishes probable cause for Officer Churchill to have based the arrest on ethnic intimidation.
 

 [2]
 

 . The District Court held in the alternative that summary judgment was appropriate because the defendant police officers had qualified immunity from suit on the facts presented. We do not decide this issue.