61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
MICHAEL J. TAYLOR, Plaintiff-Appellant,
v.
RALPH E. HENSON, et. al., Defendant-Appellee.
 No. 94-1710.
 United States Court of Appeals, Seventh Circuit.
 Argued June 13, 1995.
Decided July 11, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Michael J. Taylor sued officials from the Ford County Sheriff's Department, individually and in their official capacities, for violating Taylor's civil rights, 42 U.S.C. Sec. 1983. The complaint also set forth supplemental claims for false arrest, false imprisonment, and malicious prosecution. The district court granted summary judgment for the defendants. The court concluded that, despite an invalid arrest warrant, the arrest was supported by probable cause. Taylor appeals. We affirm the judgment of the district court.
 
 
 2
 * On September 1, 1991, a car was burglarized in Sibley, Illinois and a purse containing traveller's checks was taken. The next day, a person using a California driver's license in the name Michael L. Taylor cashed two stolen $100.00 traveller's checks at the Colonial Pantry in Paxton, Illinois and at the Shell Mart in Hoopeston, Illinois. The driver's license described Michael L. Taylor as a white male born on December 14, 1967, 6 feet tall and 180 pounds.
 
 
 3
 Ford County authorities focused their investigations on plaintiff Michael J. Taylor, an Illinois resident known to them. On September 7, the chief investigator of the case, Thomas Duffy, delivered a fourteen-year-old mug shot picture of plaintiff Taylor to the Hoopeston Police. The police interviewed Linda Carter, the clerk at the Shell Mart. Carter identified, Taylor as the culprit. The Hoopeston Police then sent a computer message to Thomas Duffy informing Duffy of the eyewitness identification.
 
 
 4
 On September 9, an arrest warrant was issued for plaintiff Taylor. The physical description of the person to be arrested was apparently taken solely from the California driver's license record. On September 10, Deputy Sheriff Patrick Duffy attempted to execute the arrest warrant at Taylor's house. Upon meeting Taylor, however, Officer Duffy noted that he did not match the physical description on the warrant: he was born on October 31, 1957, was 5'8"' tall, and weighed 160 pounds. Taylor also claimed that, at the time of the burglary, he was in Florida. Deputy Duffy took Taylor's Illinois driver's license and returned to the station where he learned for the first time that the Shell Mart clerk, Linda Carter, had identified Taylor.
 
 
 5
 The faulty warrant was returned to Ford County State's Attorney Tony Lee. Lee altered the warrant without judicial approval to comport with plaintiff Taylor's physical description. He admits in an affidavit:
 
 
 6
 Under my supervision and direction..., the identifying and descriptive information on the warrant for Michael J. Taylor was changed to comport with the description given the investigating officers by the complaining witnesses and victims. Because the identity of the person to be arrested, Michael J. Taylor, was correct, I amended the inaccurate physical description and date of birth on the warrant without presenting the amended warrant to the court.
 
 
 7
 Thomas Duffy, the arresting officer, stated in his affidavit that, to the best of his knowledge, the warrant was changed by the Ford County State's Attorney's Office.
 
 
 8
 On September 11, the manager of the Gateway Inn identified plaintiff Taylor as the one who cashed the traveller's checks. Thomas Duffy arrested plaintiff Taylor pursuant to the altered arrest warrant on that same day. Taylor was released on a $30,000 recognizance bond by authority of the Sheriff. The prosecution moved to nolle pros on September 17, 1991 when it realized that the wrong Michael Taylor had been arrested.
 
 
 9
 Taylor then brought this action. He alleged a violation of his civil rights pursuant to 42 U.S.C. Sec. 1983. He also raised supplemental state claims of false arrest, false imprisonment, and malicious prosecution. Defendants moved for summary judgment. Taylor responded to the motion for summary judgment, and moved to strike defendant's motion for summary judgment and moved to amend his complaint by adding an additional party defendant. The district court determined that, because probable cause supported a warrantless arrest, the arrest was valid despite the invalid warrant. Accordingly, it granted summary judgment.
 
 II
 
 10
 The court reviews a district court's grant of summary judgment de novo. Green v. Shalala, 51 F.3d 96, 99 (7th Cir. 1995); Jones v. Webb, 45 F.3d 178, 181 (7th Cir. 1995). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Jones, 45 F.3d at 181. All reasonable inferences regarding the facts must be drawn in the light most favorable to the nonmoving party. Richards v. Combined Insurance Company, No. 94-1038 at * 8 (7th Cir. May 11, 1995).
 
 A. Issues Presented On Appeal
 
 11
 In his appellate brief, Taylor listed four issues presented on appeal.[1] However, his appellate brief did not discuss all of these issues. Rather, it argued only that the warrantless arrest was not supported by probable cause. "It is [the appellant's burden] to bring to this court's attention the alleged errors in the district court's summary judgment order and to cite relevant case law in support of his argument for reversal thereof." Patrick v. Jasper County, 901 F.2d 561, 566 (7th Cir. 1990) (citing Fed. R. App. P. 28(a)(4)). Mere conclusory statements, assertions, or issues raised but not developed do not present a claim raised on appeal. See Colburn v. Trustees of Indiana University, 973 F.2d 581, 593 (7th Cir. 1992) (claims not properly developed are waived); Freeman United Coal Mining Co. v. Office of Workers' Compensation Programs, 957 F.2d 302, 305 (7th Cir. 1992 ("[W]e have no obligation to consider an issue that is merely raised on appeal, but not developed in a party's brief."); United States v. Haddon, 927 F.2d 942, 956 (7th Cir. 1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim."). Therefore, Taylor's undeveloped claims are waived.
 
 B. Probable Cause
 
 12
 Defendants argued in their motion for summary judgment that there was probable cause to believe that Taylor had committed the crimes, and thus the arrest was justified. In his response to summary judgment, Taylor did not address this argument: "This is not the case of a warrantless arrest of the Plaintiff... so that whether probable cause existed for the arrest of Plaintiff... is immaterial as the arrest was effected by the use of an invalid warrant." Response to Summary Judgment at p 17. On appeal, however, Taylor now asserts that the Sheriff lacked probable cause.
 
 
 13
 An issue not raised before the district court cannot be raised for the first time on appeal. P.S. Johnson v. Gudmundsson, 35 F.3d 1104, 1112 (7th Cir. 1994); Resolution Trust Corporation v. Juergens, 965 F.2d 149, 153 (7th Cir. 1992). In Hayden v. La-Z-Boy Chair Co., 9 F.3d 617, 621-22 (7th Cir. 1993), the plaintiff admitted in his Substituted Brief in Opposition to Summary Judgment: "We have not argued... though we might with ample justification, that an indirect employment relationship existed between the plaintiff and defendant." The court held that the plaintiff waived this issue on appeal:
 
 
 14
 Having decided not to argue before the district court the issue of whether he might have an "indirect" employment relationship with either La-Z-Boy or the furniture dealers who purchase La-Z-Boy products, Hayden may not raise that issue for the first time on appeal.
 
 
 15
 Id.; see also Cooper v. Lane, 969 F.2d 368, 371 (7th Cir. 1992) (collecting cases). Thus, Taylor waived his remaining appellate argument by failing to address it before the district court.
 
 
 16
 Even if Taylor did not waive his ability to appeal the issue of probable cause, the district court was correct in granting summary judgment because probable cause supported the arrest. There are no genuine issues of material facts. The parties agree that stolen checks were cashed by a "Michael Taylor" with a California driver's license. Two eyewitnesses identified plaintiff Taylor as the man who cashed the checks.
 
 
 17
 Taylor's arrest was not made pursuant to a facially valid arrest warrant. To be valid, an arrest warrant must be issued by a neutral and detached magistrate after a finding of probable cause. See Fed. R. Crim. P. 4; Shadwick v. City of Tampa, 407 U.S. 345, 92 S. Ct. 2119 (1972); see generally, 2 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment Sec. 5.1(g) at 426-32 (2d ed. 1987). The warrant must also truly name or describe the person to be arrested sufficiently to identify him. See Brown v. Patterson, 823 F.2d 167, 169 (7th Cir. 1987), cert. denied, 484 U.S. 455 (1987); Powe v. City of Chicago, 664 F.2d 639, 645-46 (7th Cir. 1981) (discussing West v. Cabell, 153 U.S. 78, 85-86, 14 S. Ct. 752, 753-54 (1894)). The State's Attorney, Lee, altered the warrant's physical description of Taylor without the approval of a neutral magistrate. The altered warrant was no longer reviewed and approved by a neutral magistrate and was therefore invalid.
 
 
 18
 A warrantless arrest supported by probable cause does not violate the Fourth Amendment even if the arrest was made pursuant to an invalid warrant. See United States v. Fernandez-Guzman, 577 F.2d 1093, 1098-99 (7th Cir. 1978) (arrest made pursuant to an invalid warrant is valid arrest if probable cause justifies the arrest as though it were warrantless), cert. denied, 439 U.S. 954 (1978); People v. Tyler, 128 Ill. App.3d 1080, 1087, 471 N.E.2d 968, 974 (App. Div. 1984) ("[W]hen probable cause for a warrantless arrest exists, it follows that an arrest is not invalidated because it was made pursuant to an invalid warrant."); see also Smith v. City of Chicago, 913 F.2d 469, 473 (7th Cir. 1990) (the existence of probable cause bars section 1983 claim), cert. denied, 501 U.S. 1217 (1991).
 
 
 19
 Probable cause for a warrantless search exists if, at the moment the arrest was made, the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person to believe that a particular individual had committed a crime. United States v. Gilbert, 45 F.3d 1163, 1166 (7th Cir. 1995); United States v. Springs, 17 F.3d 192, 194 (7th Cir. 1994), cert. denied, 115 S. Ct. 375 (1994). "[W]hen an officer has 'received information from some person-- normally the putative victim or an eye witness-- who it seems reasonable to believe is telling the truth,' he has probable cause." Grimm v. Churchill, 932 F.2d 674, 675 (7th Cir. 1991). Photographic identifications by a reliable witness establish probable cause. See Smith, 14 F.3d at 473 (victim's photo identification, sworn complaint and statement to judge establish probable cause); Grimm, 932 F.2d at 675 (probable cause established by identification from a twelve-year-old victim, information of plaintiff's past behavior, and information that bus stop had been the scene of past similar incidents).
 
 
 20
 The arresting officer, Thomas Duffy, was the chief investigating officer of the case. He also was directly involved in obtaining the two eyewitness identifications. Duffy provided the Hoopeston Police Department with a photograph of Taylor and received the message from the Hoopeston Police stating that Carter had identified Taylor as the culprit. He also interviewed and took the statement of the manager of the Gateway Inn who also identified Taylor as the culprit. Thus, based upon these two eye witness identifications and the similarity between the plaintiff's name and the name used to cash the stolen checks, Duffy had sufficient information to constitute independent probable cause to believe that Taylor had committed the crimes.
 
 III
 
 21
 We have noted that the State's Attorney altered the search warrant. Although Taylor is not entitled to relief because the arrest was supported by independent probable cause, the Code of Judicial Conduct for the United States Judges counsels us to "initiate appropriate action when [we] become aware of reliable evidence indicating the likelihood of unprofessional conduct by a judge or lawyer." Canon 3(B)(3). We therefore direct the Clerk of Court to send a copy of this opinion to the Illinois Attorney Registration and Disciplinary Commission to investigate for professional misconduct State's Attorney Lee's alteration of the arrest warrant without judicial authority.
 
 
 22
 AFFIRMED WITH DIRECTIONS TO THE CLERK OF THIS COURT.
 
 
 
 [1]
 These issues are whether the district court erred: (1) in granting defendant's motion for summary judgment, (2) by refusing to strike defendant's motion for summary judgment for failing to respond to plaintiff's interrogatories, (3) in denying plaintiff's motion to amend his complaint by adding an additional party, and (4) in determining as a matter of law that probable cause existed for the arrest of plaintiff. The district court denied Taylor's motion to strike defendant's summary judgment motion because defendants did respond to the interrogatories, and refused to add another party because Taylor's claim against that individual was legally deficient