**Tony SNEED, Plaintiff–Appellant,**

v.

**Richard RYBICKI, Tom O'Grady, G. Sperekas, Joseph Hernandez, G. Harris, and City of Chicago, Defendants–Appellees.**

No. 97–2256.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 12, 1998.

Decided June 8, 1998.

John M. Beal (argued), Chicago, IL, for Plaintiff–Appellant.

Lawrence Rosenthal, Jean Dobrer (argued), Benna R. Solomon, Susan S. Sher, Eileen Elen Rosen, Patricia T. Bergeson, Office of the Corporation Counsel, Chicago, IL, for Defendants–Appellees.

Before BAUER, RIPPLE, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Sneed sued various police officers and the City of Chicago under 42 U.S.C. § 1983 and

Illinois common law for malicious prosecution, false arrest, false imprisonment, and intentional infliction of emotional distress. The district court dismissed Sneed's federal claims as barred by the statute of limitations and his state law claims without prejudice. We affirm.

## I. HISTORY

According to Sneed's amended complaint, someone robbed and murdered Charles Tiney on January 6, 1991. The police officers arrested Sneed three days later. He was convicted of first degree murder and armed robbery on April 3, 1992. On August 4, 1995, the Illinois Appellate Court reversed Sneed's conviction and remanded for a new trial because the defendants had lacked probable cause to arrest him. The circuit court entered an order of nolle prosequi on motion of the state and the proceedings against Sneed ended.

Sneed filed his first complaint in federal district court on July 24, 1996 and his amended complaint on January 21, 1997. He alleged malicious prosecution and false arrest in violation of § 1983, and state law false imprisonment, malicious prosecution, and infliction of emotional distress.

■ Sneed did not allege either in his complaint or his amended complaint that police coerced his confession. However, he raised this fact in his brief in opposition to the defendants' motion to dismiss when he referred to the Illinois Appellate Court's published decision in his case. That court noted that "[a]lthough there were at least six hours between defendant's illegal arrest and his statement, it is our opinion that this lapse of time could only have amplified the coercion of the custodial setting." *People v. Sneed*, 274 Ill.App.3d 274, 210 Ill.Dec. 878, 653 N.E.2d 1340, 1347 (1995). The district court did not consider the fact of coercion in deciding to dismiss the case because Sneed did not raise it properly. While raising new facts for the first time in an answer brief is not the preferred pleading method, the defendants have agreed to a constructive amendment of the pleadings to include the quoted statement by the Illinois Appellate

Court. Since the parties agree on this fact, we will include it in our analysis.

The district court dismissed the § 1983 claim for false arrest because the statute of limitations had run in 1993. The district court also dismissed the § 1983 claim for malicious prosecution because Sneed failed to state a claim. Finally, the district court dismissed the state law claims without prejudice so that Sneed could refile them in state court. Sneed appeals the dismissals of his claim for malicious prosecution and his state law claims.

## II. ANALYSIS

We review the dismissal of Sneed's amended complaint *de novo*. *See Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir.1995). The dismissal is proper only if it is clear that Sneed can prove no set of facts consistent with his complaint which would entitle him to relief. *See id.*; *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). We accept as true all well-pleaded facts in the complaint, and we draw all reasonable inferences in favor of the nonmoving party. However, we are not obliged to accept as true conclusory statements of law or unsupported conclusions of fact. *Northern Trust*, 69 F.3d at 129.

■ Sneed does not contest on appeal whether the district court properly dismissed his false arrest claim as time-barred. He contests only the dismissal of his claim for malicious prosecution. "To state a claim for malicious prosecution under section 1983, a plaintiff must demonstrate that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir.1996) (citing *Smart v. Board of Trustees of Univ. of Ill.*, 34 F.3d 432, 434 (7th Cir.1994)). The parties dispute whether Sneed succeeds on the first element. "To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4)

the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." *Id.* (citing *Curtis v. Bembenek*, 48 F.3d 281, 286 (7th Cir.1995)).

■ Malicious prosecution and false arrest are separate claims, even though plaintiffs have attempted to blur the line between them. *See Washington v. Summerville*, 127 F.3d 552, 559 (7th Cir.1997), *cert. denied*, — U.S. —, 118 S.Ct. 1515, 140 L.Ed.2d 668 (1998); *Reed*, 77 F.3d at 1053–54. In most cases, the important difference from the plaintiff's point of view between false arrest and malicious prosecution is the statute of limitations. For both false arrest and malicious prosecution, the statute of limitations runs two years from the time when the plaintiff can plead all elements of the claim. For false arrest, the plaintiff can plead all the elements on the day of the arrest regardless of later proceedings. *See Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir.1996), *cert. denied*, — U.S. —, 117 S.Ct. 952, 136 L.Ed.2d 840 (1997). "[A] wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Id.* For malicious prosecution, all the elements cannot be pled until the proceedings are terminated in the plaintiff's favor. Thus the cause of action does not accrue until the criminal proceedings are over. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A plaintiff whose false arrest claim is time-barred may well still have a viable claim for malicious prosecution, but he must plead malicious prosecution instead of using that label to navigate around the statute of limitations. A plaintiff who alleges only that he was arrested and detained without probable cause has only pled false arrest. *See Reed*, 77 F.3d at 1053.

■ Sneed has pled only false arrest. To plead malicious prosecution he must allege more than that he was arrested without probable cause and eventually convicted. He must also do more than state conclusively that the defendants maliciously prosecuted him. He must allege some action that supports the conclusion that a malicious prosecu-

tion occurred. Sneed has not done this. He has not alleged that "detectives gave perjured testimony," or "falsified any information or evidence." *Id.* Nor did he allege that police withheld exculpatory evidence. *See id.* Sneed made no allegations of police wrongdoing after his arrest. He alleged only that (1) he was arrested by the defendants and charged with first degree murder and armed robbery; (2) the defendants illegally seized him and lacked probable cause to arrest him; (3) he suffered bodily and emotional harm; and (4) the defendants maliciously prosecuted him in violation of the Fourth and Fourteenth Amendments. "In sum, there were no allegations that the detectives committed any improper acts after arresting [Sneed] without probable cause. We fail to see how this is malicious prosecution." *Id.*

Sneed made a belated attempt to bolster his complaint with allegations of post-arrest misconduct. As we explained above, the Illinois Appellate Court revealed in its opinion that "[a]lthough there were at least six hours between defendant's illegal arrest and his statement, it is our opinion that this lapse of time could only have amplified the coercion of the custodial setting." *Sneed*, 210 Ill.Dec. 878, 653 N.E.2d at 1347. The Illinois Appellate Court suppressed Sneed's confession as the fruit of his illegal arrest. Sneed interprets the court's statement to mean that police coerced his confession. He argues that alleging that police coerced his confession takes his case out of simple false arrest and makes it malicious prosecution. We disagree. The Illinois Appellate Court did not specifically find that Sneed's confession was coerced because it was the result of police misconduct during the interrogation. Rather, the confession was suppressed because it was tainted by the illegal arrest.

Furthermore, it is not clear that coercing a confession constitutes malicious prosecution on the part of the police. *See Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir.1998). Prosecutors prosecute; police and detectives may participate in the prosecution, but they do not engineer the proceedings. Introducing a coerced confession into evidence may be a deprivation of due process, *see Brown v. Mississippi*, 297 U.S. 278, 286, 56 S.Ct. 461,

80 L.Ed. 682 (1936), but we have no such allegations here. In fact, we have no allegations of wrongdoing by the police after the arrest. We hold that Sneed pled false arrest, the statute of limitations for which ran some time ago.

For the foregoing reasons we AFFIRM the district court's decision to dismiss Sneed's federal claims with prejudice. We also AFFIRM the district court's decision to dismiss Sneed's state law claims without prejudice so they may be refiled in state court.