Leonard GUZELL, Plaintiff,

v.

R. HILLER (Star No. 8713) and
J. Gawlik (Star No. 2331),
Defendants.

No. 99 C 3740.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 9, 1999.

dential's motion occurred first and it would be inappropriate to withdraw that ruling now.

Richard D. Grossman, Chicago, IL, for plaintiff.

Stacy A. Benjamin, Assistant Corporation Counsel for the City of Chicago, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants Randall Hiller and Steven Gawlik's motion to dismiss plaintiff Leonard Guzell's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court grants defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff Leonard Guzell ("Guzell") has brought an action against defendants Officer Randall Hiller ("Hiller") and Officer Steven Gawlik ("Gawlik")[1] (collectively "defendants") based on alleged violations of Guzell's civil rights under 42 U.S.C.

§ 1983. The complaint alleges the following facts which, for purposes of ruling on this motion, are to be taken as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

In 1998, Guzell d/b/a LV Travel Service sold airline tickets to Agniezka Bacik ("Bacik"). Bacik left her passport with the travel agency in order to facilitate the travel arrangements and secure payment for tickets. When Bacik did not pay for the tickets, Guzell kept her passport. According to police reports attached to Guzell's complaint, on July 8, 1998, Bacik reported to the Chicago Police Department that Guzell had taken her passport and refused to return it "until she paid a renewal fee." (Pl.Compl.Ex.A.) The next day, defendants went to Guzell's business asking that Guzell return Bacik's passport. Guzell refused, claiming that Bacik voluntarily gave up possession of the passport as a condition and security for his travel services. In refusing to return the passport, Guzell informed defendants that it was not a criminal matter but a civil business dispute between himself and Bacik. Defendants arrested Guzell for refusing to return Bacik's passport.

Guzell now brings suit under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights under the Fourth and Fourteenth Amendments. Specifically, Guzell claims that the defendants unlawfully arrested him without probable cause to believe that he had committed the offense of theft.

Defendants have moved to dismiss Guzell's complaint contending that (1) defendants had the requisite probable cause to arrest him and (2) defendants, as police officers, are entitled to qualified immunity. The court addresses both arguments below.

---

1. Although the complaint reads "J. Gawlik," Officer Steven Gawlik has responded to the complaint.

## II. *DISCUSSION*

### A. *Standard for deciding a Rule 12(b)(6) motion to dismiss*

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir.1992). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED. R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claims asserted. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir.1985).

### B. *Probable Cause to Arrest*

Plaintiff's § 1983 claim against defendants is for an unlawful seizure in violation of the Fourth Amendment. In his complaint, Guzell alleges that defendant police officers arrested him without probable cause to believe that Guzell had committed theft. Defendants contend that, because probable cause existed to arrest Guzell, there was no violation of plaintiff's consti-tutional rights under the Fourth or Fourteenth Amendments, and therefore, plaintiff's claim should be dismissed.

 The existence of probable cause for an arrest precludes a § 1983 claim for unlawful arrest. *Fernandez v. Perez*, 937 F.2d 368, 371 (7th Cir.1991). Law enforcement officers have probable cause to arrest an individual when "the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] has committed or was committing an offense." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir.1994). It is well-settled law in the Seventh Circuit that a signed complaint from a private citizen is sufficient to establish probable cause for arrest. *Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir.1998); *Sheik-Abdi*, 37 F.3d at 1247; *Grimm v. Churchill*, 932 F.2d 674, 675 (7th Cir.1991); *Gramenos v. Jewel Companies, Inc.* 797 F.2d 432, 439 (7th Cir.1986). "So long as a reasonably credible witness or victim informs the police that someone has committed, or is committing a crime, the officers have probable cause to place the alleged culprit under arrest." *Jenkins*, 147 F.3d at 585. In deciding whether defendants had probable cause to arrest plaintiff, this court will consider only the facts as alleged in the complaint and attached exhibits.[2]

 Bacik, the victim of the alleged crime, filed a formal complaint with the Chicago Police Department alleging that Guzell had her passport and refused to return it. After receiving Bacik's complaint, defendants went to Guzell's store and requested the passport from him. Guzell admitted to having the passport, but refused to surrender possession. Based on this exchange and Bacik's complaint,

---

**2.** Under some circumstances, the probable cause issue is inappropriate for determination on a motion to dismiss since it can be particularly fact-sensitive, warranting courts to submit probable cause questions to the jury. *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1347 (7th Cir.1985). However, probable cause can exist as "a matter of law ... when there is no room for a difference of opinion concerning the facts of the reasonable inferences to be drawn from them." *Sheik-Abdi*, 37 F.3d at 1246.

the defendants had probable cause to arrest Guzell.[3]

Because the defendants had probable cause to arrest Guzell, Guzell has failed to state a claim for unlawful arrest in violation of § 1983. Accordingly, the court dismisses Guzell's complaint pursuant to FED. R.CIV.P. 12(b)(6).

## C. *Qualified Immunity*

■ Guzell does not specifically address defendants' qualified immunity argument, but instead asserts that the only issue in this case is whether there was probable cause to arrest Guzell. As this court had already determined that probable cause did exist, Guzell's argument is moot. However, even if the court had found that probable cause did not exist, Guzell's complaint would be dismissed on the basis of qualified immunity: It is reasonable that the defendant officers believed that they had probable cause to arrest Guzell based on Bacik's complaint. *See Kelley v. Myler*, 149 F.3d 641, 648 (7th Cir.1998) (holding that the police officers were entitled to qualified immunity because a reasonably officer would have believed that he had probable cause to make the arrest at issue). Thus, Guzell cannot state a claim pursuant to § 1983. Accordingly, Guzell's complaint is dismissed.

## III. *CONCLUSION*

For the foregoing reasons, the court grants defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This case is dismissed with prejudice. Judgment is in favor of defendants Hiller and Gawlik and against plaintiff Guzell.

---

**3.** Guzell, however, contends that probable cause arises only in the context of criminal conduct —not in the matter of a civil dispute— and that the holding of the passport was part of a civil dispute. Under Illinois law, theft is defined as: "Obtain[ing] of exert[ing] unauthorized control over property of the owner ... and intend[ing] to deprive the owner permanently of the use or benefit of the property." 720 ILL.COMP.STAT. 5/16-1. Guzell's actions—holding a passport and refusing to return it to police officers—satisfy the elements of criminal theft.