Edward J. **PASIEWICZ**, Plaintiff,

v.

**LAKE COUNTY FOREST PRESERVE DISTRICT, Ray Henning, Knute Sandahl, Debra Phillips, and Michelle Peterson**, Defendants.

No. 99 C 4988.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 22, 1999.

891

James Thomas Harrison, Joseph P. Selbka, Harrison Law Offices, P.C., Woodstock, IL, Lisa Gabrielle Williams, Law Office of Fern N. Trevino, Chicago, IL, for Edward J Pasiewicz.

James Gus Sotos; Dana M. Shannon, Jason W. Rose, Hervas, Sotos & Condon, P.C., Itasca, IL, Phillip E. Reiman, Hervas, Sotos, Condon & Bersani, Itasca, IL, for Lake County Forest Preserve District, Ray Henning, Knute Sandahl.

Steven Jay Seidman, Glenn W. Fischer, Law Office of Steven J. Seidman, Chicago, IL, for Debra Phillips.

Daniel Playfair Field, Waukegan, IL, for Michelle Peterson.

## MEMORANDUM OPINION AND ORDER

KENNELLY, District Judge.

Plaintiff Edward J. Pasiewicz claims that he was falsely arrested by defendants Ray Henning and Knute Sandahl, police officers employed by the Lake County Forest Preserve District ("District"), based upon an allegedly false accusation against him by defendants Debra Phillip and Michelle Peterson. Defendants Henning and Sandahl have moved to dismiss the claims against them, contending that the complaint establishes that they had probable cause to arrest Pasiewicz or at least that they are entitled to qualified immunity for their actions. The District, sued for allegedly failing to properly train and supervise the officers, has moved to dismiss on the grounds that the complaint alleges no underlying constitutional violation. These motions require us to examine the circumstances under which an individual may sue a police officer for false arrest when the arrest was based upon a complaint made by a citizen.

In his amended complaint, Pasiewicz alleges that on August 30, 1998, Phillips and Peterson reported to District police that on that morning they had seen a naked person in the Van Patten Woods in Lake County. According to the complaint, they did not claim to have seen the person exhibiting any sort of lewd behavior. The next day, Peterson saw Pasiewicz dropping off his children at a parochial school (the location of which is not identified in the complaint), and concluded that he was the person she had seen in the woods. She wrote down Pasiewicz's license plate number and reported it that same day to District police. She also told Phillips, a friend of hers, and together they were able to find Pasiewicz's name and phone number, which they reported to District police on September 1.

On September 2, defendant Henning, a District police officer assigned to investigate the matter, left a message at Pasiewicz's home asking for him to call. When they spoke, Henning asked Pasiewicz to meet him at the Van Patten Woods that evening but gave no reason why. Pasiewicz declined, so Henning and Sandahl appeared at Waukegan High School that evening[1] and arrested Pasiewicz for public indecency. Prior to making the arrest, they did not question Pasiewicz about the alleged incident or give him an opportunity to account for his whereabouts on August 30. According to the complaint, if they had done so they would have learned that Pasiewicz could not have been the man allegedly seen naked in the woods that day.

As a result of the arrest, Pasiewicz was suspended from his job. The charge was dismissed at his first court appearance on September 21, 1998, but it was refiled on October 21. A bench trial was held on

---

1. The complaint does not disclose the reason why Pasiewicz was at the high school.

November 16, and Pasiewicz was acquitted.

## DISCUSSION

■ Henning and Sandahl argue that the face of the complaint establishes that they had probable cause to arrest Pasiewicz or that, at a minimum, they are entitled to qualified immunity for their actions under *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) and *Hunter v. Bryant,* 502 U.S. 224, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). These two inquiries are closely related. Probable cause to arrest exists if " 'at the moment the arrest was made ... the facts and circumstances within their knowledge and of which [the officer] had reasonably trustworthy information were sufficient to warrant a prudent man in believing' " that the arrestee had violated the law. *Hunter,* 502 U.S. at 228, 112 S.Ct. 534 (quoting *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)). Even if probable cause did not exist, the arresting officer is immune from suit if a reasonable officer could have believed the arrest to be lawful, in light of clearly established law and the information the officer possessed. *Id.* at 227, 112 S.Ct. 534. In other words, a law enforcement official who " 'reasonably but mistakenly conclude[s] that probable cause is present' " is entitled to immunity. *Id.* (quoting *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

Defendants ask us to determine these issues in their favor at the pleading stage. In considering a motion to dismiss, we are required to construe the complaint's allegations, including any reasonable inferences from those allegations, in plaintiff's favor, *see Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Sneed v. Rybicki,* 146 F.3d 478, 480 (7th Cir.1998), and we may not dismiss the complaint unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In this procedural context, defendants' motion essentially asks the Court to rule that a citizen's accusation *always* justifies an arrest or at least entitles the officer making an arrest based on the accusation to qualified immunity, irrespective of the reasonableness of the accusation or of an officer's reliance on it. The cases cited by defendants do not support such a sweeping proposition. As recently as 1994, the Seventh Circuit spoke of "the absence of a blanket rule that the police always may arrest on the basis of a single coherent eyewitness." *Sheik–Abdi v. McClellan,* 37 F.3d 1240, 1247 (7th Cir.1994). *See also Gramenos v. Jewel Companies, Inc.,* 797 F.2d 432, 439 (7th Cir.1986), *cert. denied,* 481 U.S. 1028, 107 S.Ct. 1952, 95 L.Ed.2d 525 (1987), in which the court made it clear that it was *not* saying that "police always are entitled to act on the complaint of an eyewitness."

■ The law does not provide that a police officer may always avoid suit if he makes an arrest based on the complaint of a victim or witness, no matter how absurd or ridiculous that complaint might be. Rather, what insulates an arresting officer from liability is reliance on *reasonable or trustworthy* information from an eyewitness or crime victim. Probable cause exists when an officer has " 'received his information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth.' " *Sheik–Abdi,* 37 F.3d at 1247 (citing cases, and quoting *Grimm v. Churchill,* 932 F.2d 674, 675 (7th Cir.1991)). Similarly, the issue in determining whether qualified immunity exists in this context is "whether 'it seems reasonable [for] the police to believe that [the putative victim or] eyewitness was telling the truth.' " *Tangwall v. Stuckey,* 135 F.3d 510, 519 (7th Cir.1998) (quoting *United States v. Decoteau,* 932 F.2d 1205, 1207 (7th Cir. 1991)). If " 'a *reasonably credible* witness or victim informs the police that someone

has committed, or is committing, a crime, the officers have probable cause to place the alleged culprit under arrest, and their actions will be cloaked with qualified immunity if the arrestee is later found innocent.'" *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir.1999) (emphasis added) (quoting *Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir.1998)). But if "'information from or about a [putative] victim of crime would lead a reasonable officer to be suspicious,' the officer should conduct further investigation" before making an arrest. *Id.* at 724 (quoting *Hebron v. Touhy*, 18 F.3d 421, 422–23 (7th Cir.1994)).

 In *Hunter v. Bryant*, probable cause existed, and the arresting officers were entitled to immunity, because "they possessed trustworthy information" indicating that the arrestee had committed a crime or at least reasonably believed that they did. 502 U.S. at 228–29, 112 S.Ct. 534. At the present time, there is no basis to make such a determination in this case. Pasiewicz may be able to demonstrate that no reasonable police officer would have relied upon the accusation made by Phillips and Peterson. If the evidence ultimately shows that their report was such that a reasonable officer could rely on it, even if mistakenly, then Henning and Sandahl will prevail. But Pasiewicz is entitled to an opportunity to offer evidence to show "that it was unreasonable for an officer to believe [Phillips and Peterson's] statements." *Gerald M. v. Conneely*, 858 F.2d 378, 381 (7th Cir.1988). In sum, there are contestable factual questions that prevent us from determining as a matter of law that the officers had probable cause or that they are entitled to immunity from suit. For this reason, the Court denies defendants' motion to dismiss.

We reject, however, Pasiewicz's other argument: that there was no probable cause to arrest because Phillips and Peterson did not identify any lewd behavior on the part of the man they claimed to have seen. Evidence that a man was traipsing naked about the woods, a public

place, by itself would constitute probable cause to arrest him for disorderly conduct, whether or not it would suffice to arrest him for public indecency. *Biddle v. Martin*, 992 F.2d 673, 676 (7th Cir.1993) (probable cause need not have existed for the charge for which the plaintiff was arrested, so long as it existed for a closely related charge); *Nielsen v. Village of Lake in the Hills*, 948 F.Supp. 786, 792 n. 6 (N.D.Ill. 1996).