**Michael Arnes SMITH, Plaintiff,**

v.

**Dee SIMS, Defendant.**

**No. 1:02 CV 00835.**

United States District Court,
M.D. North Carolina.

Sept. 27, 2004.

---

Michael Arnes Smith, Tillery, NC, pro se.

Norwood Pitt Blanchard, III, Cranfill Sumner & Hartzog, L.L.P., Wilmington, NC, for Defendant.

## ORDER

BULLOCK, District Judge.

On August 12, 2004, in accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge was filed and notice was served on the parties in this action and a copy was given to the court. On August 25, 2004, Petitioner filed a premature notice of appeal which the Court will treat as an objection to the Magistrate Judge's Recommendation.

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's Recommendation.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment [Pleading No. 39] be **GRANTED** and that this action be dismissed with prejudice. A Judgment dismissing this action will be entered contemporaneously with this Order. Plaintiff is advised that if he wishes to seek review by the Fourth Circuit, he must file a timely Notice of Appeal from the Judgment.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

SHARP, United States Magistrate Judge.

This matter comes before the Court on the motion for summary judgment filed by Defendant Dee Sims[1]. Deputy Sims is the sole defendant in the action, although she is sued in both her individual and official capacities. The parties have fully briefed Defendant's summary judgment motion and the matter is before the Court for a ruling.

In his Order of October 27, 2003, Judge Frank W. Bullock, Jr., of this Court dismissed Plaintiff's first claim for relief (slander), leaving for further adjudication Plaintiff's second and third claims. In claim two, Plaintiff, a prisoner of the State of North Carolina, alleges that Defendant Sims unconstitutionally seized "forensics" from him during a rape investigation. In claim three, Plaintiff asserts that Defendant Sims lacked probable cause to arrest him on August 31, 2000 on charges of 2nd degree sexual offense, kidnaping, and assault and battery. The parties were permitted discovery on these two claims, and the matter is now ready for a ruling on Defendant's motion.

The resolution of Plaintiff's claims is quite straightforward under Rule 56 review. Plaintiff, who proceeds *pro se*, apparently believes his constitutional rights were violated when he was charged with sexual assault in August 2000, a blood sample and hair samples were taken, and charges against him were thereafter swiftly dismissed. However, under the uncon-

---

1. The caption is amended to show the proper spelling of Defendant Sims' name.

tested evidence of record, it is abundantly clear that Plaintiff's rights were not violated in any manner that he alleges.

A party is entitled to judgment as a matter of law upon a showing that "there is no genuine issue of material fact." Fed. R.Civ.P. 56(c). The material facts are those identified by controlling law as essential elements of claims asserted by the parties. A genuine issue as to such facts exists if the evidence forecast is sufficient for a reasonable trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In evaluating a forecast of evidence on summary judgment review, the court must view the facts and inferences reasonably to be drawn from them in the light most favorable to the nonmoving party.

When the moving party has carried its burden, the nonmoving party must come forward with evidence showing more than some "metaphysical doubt" that genuine and material factual issues exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987). A mere scintilla of evidence is insufficient to circumvent summary judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Instead, the nonmoving party must convince the court that, upon the record taken as a whole, a rational trier of fact could find for the nonmoving party. *Id.* at 248–49, 106 S.Ct. 2505. Trial is unnecessary if "the facts are undisputed, or if disputed, the dispute is of no consequence to the dispositive question." *Mitchell v.*

*Data General Corp.*, 12 F.3d 1310, 1315–16 (4th Cir.1993).

■ In the case at bar, Defendant Sims has presented competent and sworn evidence that Plaintiff *consented* to the collection of blood and hair samples shortly after his arrest. *See* Pleading No. 40, Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J., Exh. 1, Decl. of Deputy Sims. Deputy Sims attests that:

> During my interview with Mr. Smith, I also asked him if he would consent to providing a blood sample. I recall that he was not particularly enthused about providing a sample, but he said that he would provide a sample because the Sheriff's Department "was going to do it anyway."

(Sims Decl. ¶ 11.)

Thereafter, Plaintiff was taken to the Northern Surry Hospital where, according to his own deposition testimony, a nurse asked him for a blood sample. Plaintiff did not object or otherwise indicate that he did not consent, and the nurse took the blood sample. Another Surry County deputy collected a hair sample, and no other forensic samples were obtained. *See* Pleading No. 40, Exh. 5, Deposition of Michael Smith at 51–55. Plaintiff Smith, in his summary judgment response, states that:

> She [deputy Sims] stated can I have your consent to take a rape kit test; if I don't get your consent I can get a court order. I stated to her do what you got to do.... I was then transported to the Surry County Hospital of Northern Surry for numerous [sic] of illegally seized forensic. At the time I didn't know that they were taking illegally. I was under the impression that the Defendant had gotten a Court Order.

*See* Pleading No. 46, Pl.'s Mem. in Opp'n at 4.

On these uncontested facts, it is clear that Plaintiff's claim against deputy Sims

for wrongful seizure of forensic evidence fails completely. Objectively viewed, Plaintiff's response to deputy Sims when she asked for his consent to giving evidence by means of the rape kit, constituted consent. "Do what you got to do" would not reasonably be understood as an objection; to the contrary, the phrase is reasonably understood as signifying consent. *See Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) (test for consent is what a typical, reasonable person would have understood from the exchange between the officer and the suspect.) Whatever Plaintiff may have subjectively thought (including believing that there was a court order since there is no allegation that Defendant told him such an order had been obtained), Plaintiff is bound by the objectively viewed import of his conduct. A reasonable person could have viewed Plaintiff's statements and conduct to signify consent to the gathering of evidence by means of the rape kit. Plaintiff's claim thus fails on uncontested facts.

■ Plaintiff's claim for arrest without probable cause is equally deficient. The evidence is undisputed that deputy Sims had been given a detailed statement by the alleged rape victim that supported each charge that was set out in the criminal complaint that Sims obtained from a magistrate. Generally, a complaint from a putative victim of a criminal assault is sufficient to establish probable cause. *See Grimm v. Churchill,* 932 F.2d 674, 675 (7th Cir.1991) ("When an officer has received his information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth, he has probable cause.") Here, deputy Sims had a coherent, detailed report from the putative victim that clearly supported the charges that Sims proceeded to secure against Plaintiff. It is also undisputed that Sims observed bruises on the alleged victim's thighs and arm. Sims corroborated some details of the alleged victim's story, including that the victim had asked for help at the courthouse in being kept safe from Plaintiff, and that there was a blue van in the location described by the alleged victim as a part of her story. *See* Sims Decl. ¶¶ 4–8. After the warrant against Plaintiff was obtained, Sims interviewed the Plaintiff himself. He also corroborated many parts of the alleged victim's story, except that he differed on the critical issue of consent, as he reported that the alleged victim consented to the intercourse and to remaining at the Plaintiff's residence.

From the above undisputed facts, it is clear that a reasonable officer in Sims' position could have believed that she had probable cause for the arrest. Accordingly, Plaintiff's Fourth Amendment rights were not violated by reason of the arrest, and Plaintiff's third claim fails.

Plaintiff's claims against deputy Sims in her official capacity fail for an additional reason. Plaintiff has presented no evidence of policy or custom of Surry County or its Sheriff's department for applying for warrants without probable cause or for obtaining forensic evidence illegally. *See generally, Carter v. Morris,* 164 F.3d 215, 218 (4th Cir.1999).

### Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Defendant's summary judgment motion (Pleading No. 39) be granted and that this action be dismissed with prejudice. **IT IS FURTHER ORDERED** that Plaintiff's motion to compel (Pleading No. 43) is **DENIED** in light of the findings above, which could not be affected by the requested discovery, and that the other pending motions be dismissed as moot. (Pleading Nos. 7, 15.)

August 12, 2004.